62 F.3d 1316
 33 Fed.R.Serv.3d 497
 Charles COLVIN, Plaintiff-Appellee,
v.
John J. McDOUGALL, Sheriff of the Lee County Sheriff's
Department; Ronald J. Curtis, Defendants-Appellants,
Lee County, as a political subdivision of the State of
Florida, Defendant.
Charles COLVIN, Plaintiff-Appellee,
v.
John J. McDOUGALL, Sheriff of the Lee County Sheriff's
Department, Defendant-Appellant,
Lee County, as a political subdivision of the State of
Florida; Ronald J. Curtis, Defendants.
 Nos. 93-2931, 93-3014.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 31, 1995.
 
 Robert L. Donald, Ft. Myers, FL, for appellee in No. 93-2931.
 Kenneth W. Sukhia, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tallahassee, FL, Michael G. Fink (co-counsel), Fowler, White, Boggs, Villareal & Banker, P.A., Ft. Myers, FL, for John J. McDougall, Ronald J. Curtiss.
 Julius F. Parker, Jr., Parker, Skelding, Labasky & Corry, Tallahassee, FL, for John J. McDougall.
 Harold Miller Stevens, Ft. Myers, FL, Robert L. Donald, Ft. Myers, FL, for appellee in No. 93-3014.
 Appeals from the United States District Court for the Middle District of Florida.
 Before EDMONDSON, Circuit Judge, and HILL, Senior Circuit Judge, and MILLS*, District Judge.
 EDMONDSON, Circuit Judge:
 
 
 1
 Lee County, Florida Sheriff John McDougall appeals the award of $100,000 in punitive damages against him in his individual capacity for injuries to Charles Colvin arising out of an incident between Colvin and deputies from the Lee County Sheriff's Department. We vacate that award.
 
 
 2
 Charles Colvin was arrested for DUI early one morning. Colvin was discovered asleep in his truck by Lee County deputies. Deputy Curtis, the co-defendant in this case was called to the scene. Testimony conflicts about Colvin's belligerence and about how much of a struggle occurred when the deputies tried to get Colvin out of his truck. During the struggle Curtis hit Colvin (the number of times is disputed) with a police baton. Colvin was taken to the emergency room for treatment and was arrested and charged with DUI and resisting arrest with violence. The charges were later dropped.
 
 
 3
 Colvin filed suit against Sheriff McDougall, Deputy Curtis and Lee County, alleging battery, malicious prosecution and excessive use of force in violation of 42 U.S.C. Sec. 1983. Lee County was dismissed from the case. The jury rendered verdicts for Colvin and against Deputy Curtis on the battery and for Colvin and against the Deputy and the Sheriff on the section 1983 claims. The jury rendered a verdict for defendants on the malicious prosecution claim.
 
 
 4
 In a post-trial order, the district court upheld the jury awards and held that the $100,000 punitive damage award on the section 1983 claim against Sheriff McDougall was assessed against him in his personal capacity. McDougall appeals the punitive damage award. The district court's conclusion that Sheriff McDougall is individually liable is a conclusion of law and, subject to de novo review. Newell v. Prudential Ins. Co., 904 F.2d 644, 649 (11th Cir.1990).
 
 
 5
 In trying to determine in what capacity Sheriff McDougall was sued, we look at the complaint and the course of proceedings. See Kentucky v. Graham, 473 U.S. 159, 167-68 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985). In this case, the caption of the complaint lists as a defendant, "John J. McDougall, as Sheriff of the Lee County " (emphasis added). This style suggests that McDougall was sued in his official capacity, as the Sheriff, not as an individual. McDougall is mentioned by name in the complaint only three times. Each time, McDougall is referred to as follows:
 
 
 6
 The defendant, John J. McDougall, is and was at all times material hereto, the Sheriff of Lee County, Florida, an agent for both the Lee County Board of Commissioners, and the Lee County Sheriff's Department. Defendant John J. McDougall was elected, duly appointed, employed and acting as Sheriff of the County of Lee, a municipal corporation and governmental subdivision of the State of Florida at all times material hereto.
 
 
 7
 This kind of pleading looks like an official capacity suit.
 
 
 8
 In his answer to Colvin's complaint, McDougall asserted that Deputy Curtis acted in good faith, but did not raise the good faith or qualified immunity defense for himself. That qualified immunity, a defense that is routinely raised in cases where individual liability is involved, was not raised by McDougall is further evidence that the suit against McDougall was litigated as an official capacity suit only.
 
 
 9
 And, McDougall, throughout the trial, acted as if the suit was against him only in his official capacity. McDougall did not attend the trial. People usually attend a trial when they are said to be individually liable but often do not attend when they are sued only in their official capacity and have no direct personal stake in the outcome.
 
 
 10
 In addition, the district court's charge to the jury instructed the jury that they could find McDougall liable "where you find that the plaintiff has been deprived of his constitutional rights and such deprivation was done pursuant to a governmental custom, policy, ordinance, regulation or decision...." This policy or custom standard applies to officials sued in their official capacity, see Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and signals to us an official capacity suit.
 
 
 11
 Although each of these facts and some others help to persuade us that this suit was just an official capacity suit, the most important indication of the capacity in which McDougall was sued came in district court from Colvin's attorney. Colvin's counsel clearly said on the record in the district court that this suit was a suit against McDougall in his official capacity. Colvin's counsel stated, in response to the district court's question about the nature of the suit, "The Sheriff is sued in his official capacity, Your Honor." We agree.
 
 
 12
 The district court, however, said that the proof at trial made the suit a suit against McDougall in his personal capacity. The district court, in effect, tried to amend the complaint to conform to the court's view of the evidence at trial. See Fed.R.Civ.P. 15(b). We are not sure whether, after a trial on the merits, changing the capacity in which a defendant is sued should be treated as amending the complaint to conform to the evidence, under Federal Rule of Civil Procedure 15(b), or as adding a new party relating back to the original complaint, under Federal Rule of Civil Procedure 15(c)(3). But we need not decide which Rule fits. A plaintiff may not amend a complaint to conform to the evidence or relate back the addition of a new party where there was no notice to the would-be defendant or where prejudice to the would-be defendant would result. See Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc., 833 F.2d 1484, 1487 (11th Cir.1987); Fed.R.Civ.P. 15(b), (c)(3).
 
 
 13
 We stress as much as we can that the difference between an official capacity suit and an individual capacity suit is a big difference. See Lovelace v. O'Hara, 985 F.2d 847, 850 (6th Cir.1993). And, in general, plaintiffs have a duty to make plain who they are suing and to do so well before trial. In addition, a district court, after trial, must act with restraint when deciding whether the circumstances will justify the conversion of an official capacity suit to an individual capacity suit.
 
 
 14
 The circumstances of this litigation were not nearly enough to put McDougall on notice that this lawsuit and, more specifically, the trial were about his personal liability. For example, no evidence was introduced by plaintiff that was not arguably relevant to an official capacity suit. See Wesco, 833 F.2d at 1487. And, McDougall had no reason to believe that plaintiff was mistaken about the identity of the entity plaintiff intended to sue; to the contrary, the record shows a choice made by plaintiff's counsel to sue the sheriff in his official capacity. Cf. Kirk v. Cronvich, 629 F.2d 404, 408-09 (5th Cir.1980).
 
 
 15
 It takes no imagination to conclude that McDougall--in a legal sense, as well as monetarily--would be prejudiced, if we allowed the judgment to be awarded against him individually. If he had known before the end of the trial that he had a personal stake in the outcome he may have developed a different legal strategy. Again we observe that McDougall never raised for himself the defense of qualified immunity. This defense is regularly raised in cases against government officials who are sued individually and, in most cases, is a complete shield against personal liability. In the light of decisions, such as, Lassiter v. Alabama A & M University, 28 F.3d 1146 (11th Cir.1994), we believe it is probable that McDougall would have been able to assert the defense successfully--perhaps at the summary judgment stage.
 
 
 16
 We conclude that never was McDougall's personal liability an issue in this case before the verdict was entered: McDougall was not sued in his individual capacity. And nothing in Rule 15 authorized the district court, after the trial and verdict, to make McDougall, individually, a party to this case. See Brown v. Georgia Dept. of Revenue, 881 F.2d 1018, 1023 & n. 14 (11th Cir.1989) (although holding that plaintiff could relate back under 15(c) and add previously unnamed State Personnel Board members in their official capacities because Board had received notice, court specifically stated that it would be different if plaintiff sought to add Board members in their individual capacities). The judgment against McDougall individually must be set aside.
 
 
 17
 In its post-trial opinion, the district court said that even if McDougall were not liable for punitive damages in his individual capacity, he was liable in his official capacity. The district court said that, while punitive damages are generally not allowed against a municipality, Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), some distinction exists between a "municipal corporation" and a Florida Sheriff's Department. The district court held that Newport does not bar an award of punitive damages against the Sheriff in his official capacity.
 
 
 18
 We do not agree with the district court's differentiation between a municipality and a Sheriff's Department. We hold that Newport 's reasoning applies equally to a Sheriff's Department, thus barring a punitive damage award against Sheriff McDougall in his official capacity. See also Morris v. Crow, 825 F.Supp. 295, 299 (M.D.Fla.1993) (County Sheriff's Office, like municipalities, is immune from punitive damage claim under Sec. 1983); Quinones v. Durkis, 638 F.Supp. 856, 859 (S.D.Fla.1986) (Sheriff's Department only liable for damages if such damages would be recoverable against a government entity such as municipality).
 
 
 19
 The district court's judgment of punitive damages against Sheriff McDougall is vacated, and we remand to the district court with instructions to enter a corrected judgment.
 
 
 20
 VACATED and REMANDED.
 
 
 
 *
 Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by designation