David S. DILLON

v.

**JEFFERSON COUNTY SHERIFF'S DEPARTMENT, et al.**

No. 1:96–CV–2.

United States District Court, E.D. Texas, Beaumont Division.

April 23, 1997.

---

Ramie Griffin, Jr., Beaumont, TX, George Kirk, Kirk, Gottesman & Lee., Beaumont, TX, for Plaintiff.

Robert A. Black, Dewey Gonsoulin, Mehaffy & Weber, Beaumont, TX, for Defendants.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

SCHELL, Chief Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the Report of the Magistrate Judge filed on March 17, 1997 is **ADOPTED.** An Order Granting defendants Jefferson County, Texas, Jefferson County Narcotics Task Force and Jefferson County Sheriff Carl Griffith's Motion for Partial Summary Judgment will be entered separately.

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RE: DEFENDANTS JEFFERSON COUNTY, TEXAS AND CARL GRIFFITH'S NOVEMBER 18, 1996 MOTION FOR PARTIAL SUMMARY JUDGMENT

HINES, United States Magistrate Judge.

Plaintiff David Dillon asserts several federal and pendant state-law claims seeking

actual and punitive damages for injuries and losses he allegedly suffered during the August 4, 1995 search of his residence by defendant law enforcement officers. Plaintiff claims that this search represented an act of official oppression and intentional misconduct based on his allegation that the authorizing search warrant was based on information defendants knew or should have know to be unreliable.

This report addresses defendants Jefferson County, Texas and Jefferson County Sheriff Carl Griffith's motion for partial summary judgment.[1] They first argue that summary judgment is proper as to plaintiff's pendant state law claims of trespass, assault and battery, false arrest, and false imprisonment on the basis that they are not a subject to suit for the commission of any intentional tort under Texas statutory law. Both also assert that summary judgment is proper as to plaintiff's claims for punitive damages arguing that they cannot be liable for punitive damages under Texas statutory law or under 42 U.S.C. § 1983.

The undersigned concludes that the motion should be granted based upon the following reasons. First, plaintiff has admittedly not asserted intentional tort or punitive damages claims against defendant Jefferson County. Second, the pendant state law intentional tort and punitive damages claims against Griffith were asserted against him solely in his official capacity, in which these specific claims are barred as a matter of law.

### BACKGROUND

On the morning of August 4, 1995, members of the Jefferson County Narcotics Task Force entered the residence of David Dillon under execution of a search warrant. This warrant was issued on the basis of a report that alleged Dillon was dealing in drugs from his residence. The search was conducted under the supervision and instruction of defendant Roy Birdsong. The parties' submissions conflict about the force used against Dillon and the type of behavior exhibited by the agents during the search. Despite a search of the premises by law enforcement officers, later supplemented by a team of trained dogs, no drugs were found or seized and no charges were brought against Dillon. Subsequently, Dillon filed suit against the current defendants, alleging trespass, assault and battery, and false imprisonment in violation of state and federal law, including 42 U.S.C. § 1983.[2]

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper upon showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The facts of the case shall be reviewed drawing all inferences in the manner most favorable to the nonmovant. *Reid v. State Farm Mut. Auto., Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). There is no genuine issue of material fact if the record, taken as a whole, could not lead a rational jury to find for the nonmovant. *Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969) (en banc). "Such a finding may be supported by the absence of evidence to establish an essential element of the nonmoving party's case." *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 98 (5th Cir.1993) (citations omitted). Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). A party opposing such a summary judgment motion may not rest upon mere allegations of his pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for

---

1. The motion is referred to the undersigned United States Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); General Order 91–16 (E.D.Tex.1991) (standing referral order).

2. The current defendants in this suit are as follows: Jefferson County; the Sheriff of Jefferson County; Jefferson County Narcotics Task Force; Bart Ownes; Gerald Porter; Roy Birdsong; and Tommy Josey. Pl.'s Second Am. Compl. at 2–3; *see also Dillon v. Jefferson County Sheriff's Department*, No. 1:96–CV–2 (E.D.Tex. Jan. 30, 1997) (order denying motion to add Joe Johnson as a defendant).

trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

## ANALYSIS

### I. Claims Subject to Summary Judgment

Plaintiff concedes that he has not asserted pendant state intentional tort claims against defendant Jefferson County.[3] Pl.'s Resp. Mot. Summ. J. at 2–3; *see* Pl.'s First Am. Compl. Second, he also notes that he does not seek punitive damages against that defendant. *Id.* at 3. Therefore, the only claims for consideration are the pendant state law claims and the request for punitive damages against Jefferson County Sheriff Carl Griffith.[4]

### II. Defendant Jefferson County Sheriff

### A. Pendant State Law Claims

Movants argue that these claims are barred under the Texas Torts Claims Act. Specifically, they assert that these claims are not available because a governmental unit such as Jefferson County is immune from liability for intentional torts. Defs.' Mot. Summ. J. at 2 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 1986); *Rideau v. Jefferson County,* 899 F.Supp. 298 (E.D.Tex.1995)).

---

3. To the extent, if any, that plaintiff has pleaded a negligence action against the county under the Texas Tort Claims Act, these claims were not addressed by defendants' Motion for Partial Summary Judgment. Plaintiff's second amended complaint is vague, and it is unclear whether he even intended to assert an independent negligence claim against the county. Further, his response to defendants' motion is also unclear as to the existence of such a claim. For these reasons, this issue is not addressed in the current report.

4. The district court has supplemental jurisdiction to decide state law claims that are a part of the same case or controversy that raises federal claims. 28 U.S.C. § 1367(a).

5. Several circuits look to the substance of the plaintiff's section 1983 claim, the relief sought, and the course of the proceedings below to determine whether particular claims were brought against an individual in her official capacity or in her personal capacity. *See Biggs v. Meadows,* 66 F.3d 56, 60 (4th Cir.1995); *Frank v. Relin,* 1 F.3d 1317, 1326 (2d Cir.), *cert. denied,* 510 U.S. 1012,

Plaintiff's response to the motion acknowledges the county's immunity from these claims, but retorts that these claims were asserted against individual defendants rather than against the defendant county. Pl.'s Resp. at 3.

### 1. Capacity of Defendant

■ The first step is to determine in what capacity Sheriff Griffith is being sued. In making this determination, it is necessary to examine the complaint and the course of proceedings.[5] *Colvin v. McDougall,* 62 F.3d 1316, 1317 (11th Cir.1995); *Marange v. Fontenot,* 879 F.Supp. 679, 689 (E.D.Tex.1995); see *Kentucky v. Graham,* 473 U.S. 159, 167–68 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985). In this case, the caption of the second amended complaint lists as a defendant, "the Sheriff of Jefferson County." This style suggests that Griffith is being sued in his official capacity, as the Sheriff, not as an individual. Griffith is not even mentioned by name in the amended complaint, nor is any unlawful conduct alleged as to him. In listing defendants, plaintiff states:

"Defendant, THE SHERIFF OF JEFFERSON COUNTY, in his official capacity, is an elected official and the chief administrative officer of the Jefferson County Sheriffs Department, responsible for training, enacting and enforcing rules and regu-

---

114 S.Ct. 604, 126 L.Ed.2d 569 (1993); *Houston v. Reich,* 932 F.2d 883, 885 (10th Cir.1991); *Price v. Akaka,* 928 F.2d 824, 828 (9th Cir.1990), *cert. denied,* 502 U.S. 967, 112 S.Ct. 436, 116 L.Ed.2d 455 (1991); *Melo v. Gurley,* 912 F.2d 628, 635–36 (3d Cir.1990), *aff'd,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Conner v. Reinhard,* 847 F.2d 384, 394 n. 8 (7th Cir.), *cert. denied,* 488 U.S. 856, 109 S.Ct. 147, 102 L.Ed.2d 118 (1988); *Lundgren v. McDaniel,* 814 F.2d 600, 603–04 (11th Cir.1987); *Parker v. Graves,* 479 F.2d 335, 336 (5th Cir.1973). Other circuits impose a more rigid pleading requirement. *See Wells v. Brown,* 891 F.2d 591, 592 (6th Cir.1989) (holding section 1983 plaintiff must specifically plead that suit for damages is brought against state official in individual capacity); *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir.1989) (same).

As the Supreme Court has noted in a similar instance, "[i]t is obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity." 502 U.S. 21, 24 n. *, 112 S.Ct. 358, 361 n. *, 116 L.Ed.2d 301 (1991) (citation omitted).

lations governing the supervision and conduct of law enforcement employees. The Sheriff is charged with enforcing the laws of the State of Texas and of the United States."

Pl.'s Second Am. Compl. at 2–3. This kind of pleading looks like an official-capacity suit. *See Colvin,* 62 F.3d at 1317. This conclusion is supported by defendants' pending motion for partial summary judgment in which they assert Griffith has been sued only in his official capacity and in which they do not assert a qualified immunity defense on behalf of Griffith. *See Biggs,* 66 F.3d at 61 (finding that the nature of any defenses raised in response to the complaint is a factor to consider in determining the capacity in which the state official has been sued). In his response to the pending motion, plaintiff presented no evidence to the contrary with the exception of the unsupported statement that he has asserted pendant state claims against the individual defendants. However, even this statement does not indicate in which capacity these individuals are being sued. Further, the allegations against all defendants assert their actions were based on institutional practices and polices, which supports the conclusion that this is an official-capacity action. *Id.* (finding that plaintiff's failure to allege the defendant acted in accordance with a governmental policy or custom supported conclusion that suit was made against state official in a personal capacity); *Hill v. Shelander,* 924 F.2d 1370, 1374 (7th Cir.1991) (same); *see generally City of Oklahoma City v. Tuttle,* 471 U.S. 808, 817–18, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985) (showing that official policy must have played a part in the violation of federal law in an official-capacity suit).

The only factor remotely suggestive of a different conclusion is plaintiff's request for punitive damages. *Biggs,* 66 F.3d at 61. However, plaintiff does not directly assert a punitive damages claim against Griffith. Thus, it is consistent to interpret the complaint as alleging a complaint against Griffith solely in his official capacity because the punitive damages claims may be seen to have been made against the defendant individual officers. Based upon this analysis, it does not fairly appear that plaintiff intended to hold defendant Griffith liable in any capacity other than in his official capacity as sheriff of Jefferson County.

### 2. Official Capacity Suits Against a Sheriff

Dillon's suit against Sheriff Griffith in his official capacity is treated as a claim against Jefferson County. *Hafer v. Melo,* 502 U.S. 21, 23–27, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 (1991) (stating "[s]uits against state officials in their official capacity therefore should be treated ' as suits against the State"); *Brooks v. George County, Miss.,* 84 F.3d 157, 165 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 359, 136 L.Ed.2d 251 (1996) (finding claims against sheriff in his official capacity are to be treated as claims against the county).

### 3. Intentional Tort Suits Barred

According to the amended complaint and plaintiff's briefing, his claims are for trespass, assault and battery, false arrest and false imprisonment. These claims are barred because section 101.057(2) of the Texas Tort Claims Act (the "Act") proscribes liability against a governmental unit of the state of Texas for claims arising out of "assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (concluding false arrest claim against city barred by the Act). Trespass is generally an intentional tort. *See Vietnamese Fishermen's Ass'n v. Knights of the Ku Klux Klan,* 518 F.Supp. 993, 1013–14 (S.D.Tex.1981); *see also Owens v. Okure,* 488 U.S. 235, 244 n. 8, 109 S.Ct. 573, 579 n. 8, 102 L.Ed.2d 594 (1989) (trespass to person or liberty, such as false imprisonment or assault and battery); *Northern Assurance Co. of Am. v. Johnson,* No. 94–1498–PFK, 1995 WL 254315, at *3 (D.Kan. Apr.13, 1995) (trespass on real property); *In re Air Crash Disaster at Cove Neck, Long Island, N.Y. on Jan. 25, 1990,* 885 F.Supp. 434, 440 (E.D.N.Y.1995) (trespass on real property); *Almand v. Benton County,* 145 B.R. 608, 618 (W.D.Ark. 1992); W. PAGE KEETON ET AL., THE LAW OF TORTS 148–152 (5th ed.1984) (noting that a

public officer cannot be held liable under trespass for performing, in a proper manner, an act that is commanded or authorized by a valid law). Although not all trespasses are intentional torts, plaintiff's complaint outlines activities that would be properly classified in that manner. Therefore, plaintiff's trespass claim against Sheriff Griffith is also barred.

## B. Punitive Damages

Defendants assert that defendant Griffith cannot be liable for punitive damages under the Texas Tort Claims Act or section 1983. Defs.' Mot. Partial Summ. J. at 2–3 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.024 (Vernon 1986); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Colvin v. McDougall*, 62 F.3d 1316 (11th Cir.1995); *Hart v. Walker*, 720 F.2d 1443 (5th Cir.1983)). Specifically, they argue that summary judgment is proper because defendant Griffith has been sued in his official capacity, and he cannot be liable for punitive damages in that capacity. *Id.* at 3 (citing *Colvin*, 62 F.3d at 1316). Plaintiff responds that punitive damages are available against the individual defendants and that defendant Griffith "may be liable for punitive damages in his individual capacity, or where his conduct was in the course of fulfilling his proprietary duties."[6] Pl.'s Resp. at 4 (providing no legal authority to support these assertions).

It has been established that defendant Griffith was sued solely in his official capacity and that plaintiff's pendant state-law claims against this defendant should be treated as claims against the county, which should be dismissed because they are barred by section 101.057(2) of the Act. However, the issue remains whether punitive damages may be awarded against Sheriff Griffith in his official capacity.

The Texas Tort Claims Act (the "Act") does not authorize punitive damages. TEX. CIV. PRAC. & REM. CODE ANN. § 101.024 (Vernon 1996); *see, e.g., Wicker v. City of Galveston*, 944 F.Supp. 553, 559 (S.D.Tex. 1996) (finding plaintiffs' state claims for assault and false imprisonment and claim for punitive damages against city were barred as a matter of law under the Act). Because plaintiff's claims against Griffith are necessarily taken as claims against the county, the associated claim for punitive damages arising from plaintiff's state-law claims against Griffith must fail as a matter of law.[7]

Punitive damages also are not allowed against a municipality under 42 U.S.C. § 1983. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981). In *Colvin v. McDougall*, the court rejected plaintiff's argument that there was a differentiation between a municipality and a sheriffs department. 62 F.3d 1316, 1319 (11th Cir.1995). Based upon this conclusion, the court held that the reasoning of the *Newport* decision barred a punitive damage award based upon a section 1983 claim against a sheriff acting in his official capacity. *Id.* The same reasoning leads to the conclusion that plaintiff's claim for punitive damages against Griffith based upon his section 1983 claims is also barred.

## RECOMMENDATION

Defendant's motion for partial summary judgment should be granted. First, it should be granted as moot as to those claims against defendant Jefferson County because plaintiff admittedly did not assert the claims raised in defendants' pending motion. Second, it should be granted because plaintiff's claims against defendant Sheriff Carl Griffith, in his official capacity, are barred as a matter of law.

6. Although Griffith may be liable for punitive damages in his individual capacity, this statement fails to show that plaintiff sued that defendant in his individual capacity. Therefore, it is an issue that will not be addressed.

7. This conclusion is supported by additional Texas law. Actual damages sustained from a tort must be proven before punitive damages are available. *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 665 (Tex.1995). A party who is not entitled to recover actual tort damages is also not entitled to recover exemplary damages. *Transportation Ins. Co. v. Archer*, 832 S.W.2d 403, 406 (Tex.App.—Fort Worth 1992, writ denied). In the instant case, plaintiff has not asserted any claims against defendant Griffith on which to base a recovery of exemplary damages.

## OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b), 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).