HARRIS COUNTY, Texas, Appellant,

v.

**CYPRESS FOREST PUBLIC UTILITY DISTRICT OF HARRIS COUNTY, Texas, Appellee.**

No. 14–00–00604–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 8, 2001.

Michael R. Hul, Houston, for appellants.

Roger P. Balog, Spring, for appellees.

Panel consists of MURPHY, C.J., and FOWLER and SEYMORE, JJ.

## OPINION

MURPHY, Chief Justice.

Appellee filed suit under the Texas Tort Claims Act ("the Act") seeking damages for appellant's placing of hazardous materials on appellee's property. Appellant raised special exceptions and sought a plea in abatement on May 10, 1999, alleging that appellee failed to allege facts sufficient to invoke the limited waiver provisions of the Act, and that appellee failed to provide notice as required by the Act. The trial court sustained appellant's special exceptions requiring appellee to amend its original petition. Appellee filed its First Amended Petition on August 6, 1999. On January 14, 2000, appellant filed its Plea to the Jurisdiction. Appellee responded to appellant's Plea to the Jurisdiction and filed its Second Amended Petition on January 25, 2000. On April 28, 2000, the trial court denied appellant's Plea to the Jurisdiction. Appellant files this interlocutory appeal asserting that the trial court erred in denying its Plea to the Jurisdiction. Specifically, appellant contends that appellee's suit fails to allege facts which satisfy the limited waiver of sovereign immunity

provisions found in the Act. We reverse and remand.

## I. STANDARD OF REVIEW

A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *Cornyn v. County of Hill,* 10 S.W.3d 424, 427 (Tex.App.—Waco 2000, no pet.); *University of Houston v. Elthon,* 9 S.W.3d 351, 355 (Tex.App.—Houston [14th Dist.] 1999, pet. dism'd w.o.j.); *TRST Corpus, Inc. v. Financial Center,* 9 S.W.3d 316, 320 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Subject matter jurisdiction is a legal question, and the plea to the jurisdiction is reviewed under a *de novo* standard of review. *Cornyn,* 10 S.W.3d at 427; *Elthon,* 9 S.W.3d at 355; *TRST Corpus, Inc.,* 9 S.W.3d at 320. When deciding a plea to the jurisdiction, the trial court looks solely to the allegations in the petition, and must accept those allegations as true. *TRST Corpus, Inc.,* 9 S.W.3d at 320. The trial court does not consider the merits of the case. *Id.*

If the petition fails to allege jurisdictional facts, the plaintiff has a right to amend before the trial court dismisses the cause. *TRST Corpus, Inc.,* 9 S.W.3d at 320. Dismissing a cause of action for lack of subject matter jurisdiction is only proper when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Id.*

## II. DISCUSSION

In its sole point of error, appellant claims that the trial court erred in denying its Plea to the Jurisdiction. Specifically, appellant asserts that a review of appellee's petition reveals that the suit is, and can only be, a suit for the intentional tort of trespass, which is an exception to the general waiver of immunity under the Act. We agree.

In Texas, a governmental unit is immune from tort liability unless the Legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998); *TRST Corpus, Inc.,* 9 S.W.3d at 322. The Act provides for a limited waiver of governmental immunity under specified circumstances. Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1997); *TRST Corpus, Inc.,* 9 S.W.3d at 322. Under the Act, a governmental unit may be held liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

  (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

  (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1997). However, the Act provides that section 101.021 does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities." Tex.Civ. Prac. & Rem.Code Ann. § 101.057(2) (Vernon 1997); *see Dillon v. Jefferson County Sheriff's Dep't,* 973 F.Supp. 628, 632–33 (E.D.Tex.1997) (holding that the activities alleged in the petition could only be classified as intentional trespass). In order to survive appellant's Plea to the Jurisdiction,

appellee's Second Amended Petition would have to allege facts that demonstrated that its claim was based on negligence, and not the intentional tort of trespass. Appellee's Second Amended Petition fails to satisfy this burden.

Appellee clearly states in section two of its Second Amended Petition that "[t]his suit seeks to recover damages for trespass and damages to Plaintiff's property located in Harris County, Texas", and again in section three that "Harris County, Texas wrongfully trespassed and dumped hazardous materials on and into the property now owned by Cypress Forest PUD...." Moreover, the facts contained in appellee's Second Amended Petition can only support a theory of intentional trespass.

 A trespass is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although the actor may not know that the act he intends to commit is such a violation. *Malouf v. Dallas Athletic Country Club*, 837 S.W.2d 674, 675 (Tex.App.—Dallas 1992, writ dism'd w.o.j.). Appellee's Second Amended Petition clearly asserts that appellant's dumping of hazardous materials on its property was intended:

> This hazardous material was placed in the property from trucks operated or used from the destruction of a bridge, which included concrete and bridge timbers. It is believed that this bridge was located in and under the control, of the then County Commissioner, for Precinct Number Four, Bob Eckels.

Having determined that appellee's Second Amended Petition states a cause of action for intentional trespass, we sustain appellant's sole point of error.

As noted above, dismissing an action for lack of subject matter jurisdiction is proper only when it is impossible for a plaintiff's petition to confer jurisdiction on the trial court. *TRST Corpus, Inc.*, 9 S.W.3d at 323. Appellee has been provided two opportunities to allege facts that would confer jurisdiction on the trial court, but has failed to do so successfully. Moreover, in each of appellee's petitions, the facts alleged remain the same. Appellee consistently alleges that appellant wrongfully placed and/ or dumped hazardous materials on appellee's property. We conclude that because the conduct that appellee complains of can only be described as an intentional trespass, it is not possible for appellee's petition to be amended to confer jurisdiction upon the trial court without alleging an entirely new set of facts not alleged in its previous three opinions.

Accordingly, we reverse the trial court's order denying appellant's Plea to the Jurisdiction, and we remand this matter to the trial court with instructions to enter an order dismissing appellee's claims against appellant for lack of jurisdiction.