**JEFFERSON COUNTY,**
Texas, Appellant,

v.

**A.B. BERNARD, Jr. d/b/a BGI
Enterprises, Inc.,**
Appellee.

No. 09–04–219 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 20, 2004.

Decided Oct. 28, 2004.

Tom Maness, Criminal Dist. Atty., Steven L. Wiggins, Asst. Dist. Atty., Beaumont, for appellant.

Carl A. Parker, Parker Law Firm, Port Arthur, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID GAULTNEY, Justice.

■ A.B. Bernard, Jr. and BGI Enterprises, Inc.[1] sued Jefferson County under the real estate fraud statute. *See* Tex. Bus. & Com.Code Ann. § 27.01 (Vernon 2002). The County filed a plea to the jurisdiction based on governmental immunity from suit. The trial court denied the County's plea, and the County filed this interlocutory appeal. We review the trial court's jurisdiction ruling *de novo*. *See City of Dayton v. Gates*, 126 S.W.3d 288, 289 (Tex.App.-Beaumont 2004, no pet.).

■ Bernard purchased the real estate at a surplus property sale conducted by the County. He says he discovered underground tanks buried on the property, and he determined the remediation costs would be high. Bernard claims the County's failure to reveal the existence of the tanks constituted real estate fraud under Tex. Bus. & Com.Code Ann. § 27.01 (Vernon 2002). He argues governmental immunity is waived by section 27.01.

Section 27.01 of the Texas Business and Commerce Code provides:

(a) Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a

(1) false representation of a past or existing material fact, when the false representation is

(A) made to a person for the purpose of inducing that person to enter into a contract; and

(B) relied on by that person in entering into that contract; or

(2) false promise to do an act, when the false promise is

(A) material; made with the intention of not fulfilling it;

(B) made to a person for the purpose of inducing that person to enter into a contract; and

(C) relied on by that person in entering into that contract.

(b) A person who makes a false representation or false promise commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for actual damages.

(c) A person who makes a false representation or false promise with actual awareness of the falsity thereof commits the fraud described in Subsection (a) of this section and is liable to the person

---

1. We will refer to the appellants together as "Bernard."

defrauded for exemplary damages. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

(d) A person who (1) has actual awareness of the falsity of a representation or promise made by another person and (2) fails to disclose the falsity of the representation or promise to the person defrauded, and (3) benefits from the false representation or promise commits the fraud described in Subsection (a) of this section and is liable to the person defrauded for exemplary damages. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

(e) Any person who violates the provisions of this section shall be liable to the person defrauded for reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court.

Tex. Bus. & Com.Code Ann. § 27.01 (Vernon 2002).

■ Governmental immunity protects governmental units of the State from suit. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003).[2] Unless the State has consented to suit, a trial court lacks subject matter jurisdiction to consider a claim against a governmental unit. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex.2003). A

waiver of governmental immunity must be expressed in clear and unambiguous language. *See Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002); *see also* Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2004).

■ Bernard argues *Kerrville HRH, Inc. v. City of Kerrville*, 803 S.W.2d 377 (Tex.App.-San Antonio 1990, writ denied) represents the controlling law. In *Kerrville HRH*, the court held the use of the word "person" in section 27.01 waived a city's governmental immunity because section 311.005 of the Government Code defines "person" to include governmental entities.[3] *See Kerrville HRH*, 803 S.W.2d at 383 [4]; *see also* Tex. Gov't Code Ann. § 311.005 (Vernon 1998). The case was decided prior to he legislature's enactment in 2001 of section 311.034 of the Government Code. Section 311.034 provides:

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context

---

**2.** Although Bernard says the sale of property by the County was a proprietary function, generally all acts of the State and its subdivisions, except municipalities, are governmental functions. *See Hencerling v. Texas A & M Univ.*, 986 S.W.2d 373, 374–75 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). Unless waived, governmental immunity protects the County from suit.

**3.** Tex. Gov't Code Ann. § 311.005(2) (Vernon 1998) provides:

"Person" includes corporation, organization, government or governmental subdivi-

sion or agency, business trust, estate, trust, partnership, association, and any other legal entity.

**4.** The Court of Appeals for the Fourteenth District reached the same conclusion in *B.J. Aviation, Inc. v. City of Galveston*, 1999 WL 93197, at *5–6 (Tex.App.-Houston [14th Dist.] 1999, no pet.)(not designated for publication). The Supreme Court has declined to comment on the correctness of the holding in *Kerrville HRH*. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 296 (Tex.1995).

of the statute indicates no other reasonable construction.

Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2004). The issue must be revisited in light of this expression of legislative intent.

The sole question presented in this appeal is whether the legislature intended to waive governmental immunity to suit under section 27.01 of the Texas Business and Commerce Code.[5] In *Taylor*, 106 S.W.3d at 697–98, the Texas Supreme Court explained the approach courts are to take when considering whether the legislature intended to waive governmental immunity in a statute. The Court in *Taylor* considered whether a statute which imposed liability on mental health facilities, and incorporated a definition of mental health facility which included state-operated facilities, waived the State's immunity. The statute did not expressly authorize suit against the State. The Court nevertheless considered whether the statute waived immunity "by necessary implication." *Id.* at 698. The Court concluded the incorporated definition was not the "functional equivalent" of an explicit legislative directive waiving immunity, and held immunity had not been waived by the statute. *Id.* at 699–701.

■ A statute that waives immunity must do so beyond doubt. *Id.* at 697. Any ambiguities in a statute are to be resolved in favor of retaining immunity. *Id.* When waiving immunity, the legislature "often enacts simultaneous measures to insulate public resources from the reach of judgment creditors." *Id.* at 698. Therefore, when deciding if a statute waives immunity, courts are to consider whether the statute provides an objective limitation on any potential liability. Id.

Section 27.01 does not contain language expressly waiving immunity from suit.[6] Generally, the statute states a "person" who makes misrepresentations will be "liable" to the injured party. *See* Tex. Bus. & Com.Code Ann. § 27.01 (Vernon 2002). Section 311.034 of the Government Code says the inclusion of governmental entities in the definition of "person" does not indicate legislative intent to waive sovereign immunity "unless the context of the statute indicates no other reasonable construction." Section 27.01 applies to private parties, so the statute is neither without meaning nor without purpose if governmental immunity is retained. *See Taylor*, 106 S.W.3d at 700. The statute has a reasonable interpretation and application without waiver. *See* Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2004). Furthermore, section 27.01 does not set forth any objective limitations on potential liability, and the statute provides for recovery of exemplary damages. The Supreme Court noted as follows in *Taylor*:

**5.** The parties do not present arguments on any other statute. *See, e.g.,* Tex. Civ. Prac. & Rem.Code § 101.057 (Vernon 1997)(immunity for intentional torts). *See also generally Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex.2003) (governmental immunity from suit on contract claim); *see also generally Harris County v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551 (Tex.App.-Houston [14th Dist.] 2001, no pet.)(governmental immunity for intentional tort claim). Bernard does not contest the County's assertion that any DTPA allegations have been abandoned. On appeal, Bernard says, "This suit is based on Section 27.01 of the Texas Business and Commerce Code."

**6.** *Compare* section 27.01 with the express waivers contained in Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a) (Vernon 1997) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."); and Tex. Civ. Prac. & Rem.Code Ann. § 103.101(a) (Vernon Supp.2004) ("A person may bring a suit against the state under this subchapter, and the state's immunity from the suit is waived.").

No Texas statute expressly permits suit against the State for exemplary damages. Although not dispositive, the fact that Taylor's construction of the Act would subject the State to exemplary damage awards reinforces our skepticism that the Legislature intended to waive sovereign immunity by mere implication.

*Taylor*, 106 S.W.3d at 701–702. We conclude the legislature did not intend to waive governmental immunity to suit for a claim under section 27.01. Like the incorporated definition of "mental health facility" in *Taylor*, the incorporated definition of "person" in this statute is not the functional equivalent of an explicit legislative directive waiving immunity.

Governmental immunity to suit bars Bernard's claim under section 27.01 of the Texas Business and Commerce Code. The trial court erred in denying the County's plea to the jurisdiction. We reverse the trial court's order and dismiss Bernard's claim for want of jurisdiction.

REVERSED AND RENDERED.