In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-23-00030-CV
_____

## LARS KUSLICH, Appellant

## V.

## KLINT BUSH, JAY KNIGHT, BRUCE KARBOWSKI, GREG ARTHUR, DAVID S. WHITMIRE, AND LEON WILSON, Appellees

_____

### On Appeal from the 75th District Court
### Liberty County, Texas
### Trial Cause No. 22DC-CV-01090

_____

## MEMORANDUM OPINION

Pro se Appellant Lars Kuslich ("Kuslich") appeals a 2022 Order granting Respondents' Plea to the Jurisdiction that dismissed Kuslich's claims against Liberty County officials Klint Bush, Jay Knight, Bruce Karbowski, Greg Arthur, David Whitmire, and Leon Wilson ("Appellees"). We modify the 2022 Order as dismissed with prejudice, and we affirm the 2022 Order, as modified.

1

## Background

Kuslich filed a Petition in August 2022 seeking declaratory judgment and injunctive relief against Klint Bush, Liberty County Elections Administrator; Jay Knight, County Judge and Head of the Liberty County Elections Commission; Bruce Karbowski, Liberty County Commissioner; Greg Arthur, Liberty County Commissioner; David S. Whitmire, Liberty County Commissioner; and Leon Wilson, Liberty County Commissioner. In his Petition, Kuslich sought to challenge the use of electronic voting equipment until an investigation of the 2020 general election and all subsequent elections through May 2022 were conducted. According to Kuslich, Appellees violated state and federal law by: operating systems without proper certifications, operating election equipment containing components from potentially hostile foreign counties, violating Texas Election Code section 52.062 requiring the numbering of ballots, impeding election workers from detecting fraud and preserving the purity of the ballot box, and conducting elections with non-compliant voting system equipment.

Kuslich sought declaratory and injunctive relief from Appellees for several violations of the United States Code and Texas Constitution including violation of substantive due process, deprivation of civil rights, deprivation of constitutional rights, and violation of voting rights. Kuslich requested that the trial court vacate and set aside all uncertified and illegal voting systems, equipment, and software and

implement a hand-counting system. Kuslich requested that the trial court declare that Appellees violated the Texas Constitution's Equal Protection and Due Process clauses, declare that Appellees' approval of all voting systems, equipment, and software are void, and declare approval and actions by Appellees as violations of the United States Constitution and contrary to the laws of the United States and State of Texas. Kuslich further requested that the trial court grant an emergency injunction prohibiting Appellees from requiring or permitting voters to cast votes using any electronic voting systems and from destroying any election records created from the 2020, 2021, and 2022 elections. Kuslich asked the court to order Appellees to unseal absentee ballots, absentee ballot return envelopes, absentee ballot election reports, and other election material from the 2020 General Election and permit him to review and inspect those materials.

Appellees filed a Plea to the Jurisdiction and general denial and argued three grounds for dismissal of Kuslich's petition. First, Appellees stated that the trial court lacks jurisdiction to hear this case because Kuslich lacks standing. According to Appellees, Kuslich's status as a voter alone cannot establish standing to challenge the use of electronic voting machines. Next, Appellees argued that Liberty County voters use the same voting machines, therefore Kuslich did not have a unique injury negating the existence of any equal protection claim. Finally, Appellees stated that the court lacks jurisdiction because Kuslich failed to name the Texas Secretary of

3

State, an indispensable party to the litigation, since the Texas Election Code requires that the Secretary of State approve all voting equipment used in the state.

Kuslich filed a response to Appellees' Plea to the Jurisdiction and stated that he has standing because he has a personal stake in the election results and because he was forced, by lack of alternatives, to use an election system that violated the Texas Election Code. Kuslich stated that he presented a valid equal protection claim because the court must assume that the election systems do not operate according to the legislative requirements when the safeguards to protect voters are not performed properly. According to Kuslich, it is a reasonable assumption that if Liberty County used substandard equipment, which included compromised devices, then that compromise separated voters into two groups and demonstrated unequal protection. Finally, Kuslich denied that the Secretary of State is an indispensable party because there is no statute that mandated the use of electronic voting equipment.

At the hearing on the Plea to the Jurisdiction, counsel for Appellees argued that "no Texas court has ever ruled that just by someone being a voter in and of itself provides standing for that individual to bring a lawsuit against a governmental entity for those matters." Counsel further argued that the plaintiff must allege an injury distinct that was not sustained by the public at large, and that the pleadings were deficient in that the primary allegations were related to the Secretary of State's office, which is not a party. Counsel detailed to the trial court that per chapter 122

4

of the Texas Election Code, the Secretary of State is the sole governmental entity that has the authority to determine whether a voting system or voting system equipment is used in the state. Based on the authority of the Secretary of State, counsel for Appellees argued that it is an indispensable party.

In response, Kuslich argued that the Secretary of State is not an indispensable party because "the [S]ecretary of [S]tate does not have the authority to prescribe voting systems or even that there are any voting systems for any county." Kuslich acknowledged that the Secretary of State approves voting systems for use but argued that it cannot require counties to use certain voting systems. According to Kuslich, Liberty County had the option to use any voting system since the Texas Election Code still describes counting ballots by hand.

The trial court explained that Kuslich is ultimately challenging the voting system Liberty County elected to use which was approved by the Secretary of State. The trial court then found that the "[S]ecretary of [S]tate is an indispensable party who is not joined and deprives the court of jurisdiction[.]" The trial court granted Appellees' Plea to the Jurisdiction and dismissed Kuslich's Petition without prejudice.

Kuslich later filed a Motion for New Trial and argued that the trial court erred when it concluded that the Secretary of State was an indispensable party. According to Kuslich, the Secretary of State does not have a connection with enforcing the acts

5

because the Texas Election Code grants him the "discretionary authority without any obligation to act[.]" Kuslich argues that section 122.001 does not delegate the duty of enforcement to any official, and that the Secretary of State merely has the discretionary authority to protect voter rights. *See* Tex. Elec. Code Ann. § 122.001(c). Kuslich's Motion for New Trial was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

### Standard of Review

Subject-matter jurisdiction is essential to a court's authority to decide a case and is never presumed. Governmental entities may challenge a trial court's authority to determine whether the court has subject-matter jurisdiction over a case by filing a plea to the jurisdiction. *Conroe Indep. Sch. Dist. v. Osuna*, No. 09-22-00424-CV, 2024 WL 2340797, at *3 (Tex. App.—Beaumont, May 23, 2024, no pet.) (mem. op.). The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction is essential to the authority of the court to decide a case and is never presumed and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). Subject matter jurisdiction is a legal question, and the plea to the jurisdiction is reviewed under a de novo standard of review. "Dismissing a cause of action for lack of subject matter jurisdiction is only proper when it is impossible for the plaintiff's petition to confer

6

jurisdiction on the trial court." *Harris Cnty. v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551, 553 (Tex. App.—Houston [14th Dist.] 2001, no pet.). For purposes of a plea to the jurisdiction, we take the undisputed factual allegations in the parties' pleadings to be true. *See Alamo Cmty. Coll. Dist. v. Obayashi Corp.*, 980 S.W.2d 745, 746 (Tex. App.—San Antonio 1998, pet. denied).

**Analysis**

We construe the crux of Kuslich's pro se arguments in his first three issues on appeal as a complaint that the trial court erred by granting Appellees' Plea to the Jurisdiction because he believes he has standing, and the trial court has subject matter jurisdiction to hear his case. On appeal, Kuslich argues that he has standing as a voter to sue to prevent an illegal voting process to protect his votes. He further argues that no statute restricts the right of a voter to challenge injuries related to or as a result of the election or to challenge the constitutional right to vote. According to Kuslich, when a public duty is at stake, a plaintiff's membership in the community provides the necessary standing to ensure the local government follows the law.

"In Texas, the standing doctrine requires that there be (1) 'a real controversy between the parties,' that (2) 'will be actually determined by the judicial declaration sought.'" *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (quoting *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996)). Standing is a component of subject-matter jurisdiction, and "focuses

7

on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome[.]" *Lovato*, 171 S.W.3d at 848-49. A plaintiff must therefore be "personally aggrieved" by the defendant's action. *Id.* at 850 (quoting *Nootsie*, 925 S.W.2d at 662). Under Texas law, standing requires a "concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154 (Tex. 2012) (citing *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008)). The inquiry into standing begins by determining whether the plaintiff has been personally injured, and the plaintiff must plead facts sufficient to show that he, rather than a third party or the public at large, suffered the injury. *Id.* at 155. The plaintiff must affirmatively show, through pleadings and other evidence pertinent to the jurisdictional inquiry, a distinct interest in the asserted conflict, such that the defendant's actions caused plaintiff some particular injury. *Alpert v. Riley*, 274 S.W.3d 277, 291 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

Generally, a plaintiff's status as a voter does not confer standing to challenge the lawfulness of government acts. *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 8 (Tex. 2011) (citing *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001)). Instead, "[Texas court] decisions have always required a plaintiff to allege some injury distinct from that sustained by the public at large." *Brown*, 53 S.W.3d at 302. "The plaintiff must be *personally* injured—he must plead facts demonstrating that he,

8

himself (rather than a third party or the public at large), suffered the injury." *Heckman*, 369 S.W.3d at 155 (citing *S. Tex. Water Autho. v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007)).

Here, Kuslich has failed to demonstrate that he suffered a personal injury that is particular or distinct from other voters in Liberty County. *See Brown*, 53 S.W.3d at 302. In his brief, Kuslich does not allege a personal injury that he has suffered because of Liberty County's use of electronic voting machines. Instead, Kuslich argues that the use of the electronic voting machines is a violation of public rights, and Kuslich urges this Court to adopt a holding of the Supreme Court of Georgia that he argues permits a suit brought by a community member against a local government, even if the community member did not suffer an individualized injury. An essential element to standing is that the plaintiff be personally injured. *Heckman*, 369 S.W.3d at 155 (citing *Lomas*, 223 S.W.3d at 307). Kuslich has not pleaded or provided evidence of an injury that is particular or distinct to him that would create standing to maintain a suit against Appellees. *See Andrade*, 345 S.W.3d at 15, 17-18 (explaining that plaintiffs did not have standing to assert violations of the Texas Constitution or the Election Code because plaintiffs had not asserted a "concrete, particularized harm" and instead raised "only generalized grievances about the lawfulness of government acts[]").

9

We hold that Kuslich did not show any particularized harm resulting from Liberty County's use of electronic voting machines as authorized by the Texas Secretary of State. Accordingly, we overrule Kuslich's arguments in his first three issues complaining that the trial court erred by granting Appellees' Plea to the Jurisdiction because he has standing. We need not address any of Kuslich's other complaints in his first three issues, as they would not change the outcome of his appeal. *See* Tex. R. App. P. 47.1.

In issue four, Kuslich complains the trial judge should have recused himself from his case due to judicial bias. Kuslich argues the trial judge is judicially biased since his suit challenges the methods and mechanisms through which the judge was and would be granted office again. According to Kuslich, even though the trial judge was running unopposed, he had a personal interest in the outcome in an election set to end days after the hearing on Appellees' Plea to the Jurisdiction.

A recusal is a statutory process providing for the removal of a judge in situations where the judge's bias or impartiality might be reasonably questioned. *See* Tex. R. Civ. P. 18a(j); *In re Commitment of Winkle*, 434 S.W.3d 300, 310 (Tex. App.—Beaumont 2014, pet. denied). Among others, grounds for recusal include situations where the judge's impartiality might reasonably be questioned or where the judge has a personal bias or prejudice concerning the subject matter or a party. Tex. R. Civ. P. 18b(b)(1), (2). Here, Kuslich never filed a motion to recuse the trial

judge. Because grounds for recusal are subject to waiver if not timely asserted, Kuslich has waived any grounds for recusal as a basis for the removal of the trial judge. *See Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 559-60 (Tex. App.—Beaumont 1993, writ denied) (citing *Humble Exploration Co. v. Browning*, 677 S.W.2d 111, 114 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)). As such, we overrule Kuslich's issue four argument that the trial court's denial of his plea to the jurisdiction should be reversed because the trial judge was subject to statutory recusal.

After the trial court granted Appellees' Plea to the Jurisdiction, the court dismissed Kuslich's case without prejudice to allow him to add the Texas Secretary of State as a party to the suit. However, a dismissal with prejudice is proper if the defects could not be remedied by repleading the case. *See Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). Kuslich did not establish that he had standing to bring this lawsuit. Having determined that Kuslich lacks a distinct injury to create standing, we conclude the trial court erred by dismissing his claims without prejudice and allowing him an opportunity to replead. *See id.*

## CONCLUSION

Having considered and overruled each of Kuslich's issues and determined that Kuslich did not establish that he had standing to bring this lawsuit, we conclude the trial court erred by dismissing his claims without prejudice to allow him the

11

opportunity to add the Texas Secretary of State as a party. Accordingly, we modify the trial court's 2022 Order on Respondents' Plea to the Jurisdiction by deleting "dismissed without prejudice[,]" and substituting "dismissed with prejudice." We affirm the trial court's 2022 Order as modified.

AFFIRMED AS MODIFIED.


JAY WRIGHT
Justice

Submitted on September 26, 2024
Opinion Delivered January 23, 2025

Before Golemon, C.J., Wright and Chambers, JJ.

12