571 A.2d 539

**Douglas MAGILL, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1989.

Decided March 7, 1990.

Petition for Allowance of Appeal Denied
July 31, 1990.

628

Joanne W. Rathgeber, J.W. Rathgeber & Associates, Doylestown, for appellant.

Robert L. Gallagher, Deputy Atty. Gen., with him, Ernest D. Preate, Jr., Atty. Gen., for appellee.

Before BARRY, COLINS (P.), and SMITH, JJ.

## OPINION

BARRY, Judge.

Douglas Magill appeals an order of the Court of Common Pleas of Montgomery County which granted a compulsory non-suit and dismissed his complaint against the Commonwealth of Pennsylvania's Department of Transportation (DOT).

On May 2, 1985, Magill was seriously injured when the car he was driving struck a guide rail on Pennsylvania Route 63 in Montgomery County. In February of 1986, Magill informed DOT of his intention to file suit and shortly thereafter filed his complaint, alleging that DOT was negligent in its design and construction of the roadway and guide rail. In its new matter, DOT raised Magill's failure to comply with the six month notice provision of 42 Pa.C.S. § 5522. DOT later filed a motion for summary judgment on the same basis; DOT permitted that motion to lay dormant until immediately prior to trial when it sought to resurrect it. The trial court denied the motion, holding that it would delay the trial of the case.

Trial was commenced on January 24, 1989. During his case in chief, Magill testified that he sustained serious injuries in the accident which prevented him from returning to work until December of 1985. He further testified that he had to be fed, dressed and bathed for over three months after the accident. He also stated that he was unable to drive until October or November following the accident.

Following the presentation of Magill's case in chief, DOT moved for a compulsory non-suit, again based on Magill's

failure to comply with Section 5522. The trial court granted the motion, concluding that Magill did not have a reasonable excuse for failing to comply with Section 5522 and that DOT proved the requisite prejudice, having repaired the damaged guide rail on October 1, 1985. This appeal followed.

Section 5522(a) of the Judicial Code provides:

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence a civil action ... against a government unit for damages on account of any injury to his person or property under Chapter 85 ... shall file in the office of the government unit ... a statement in writing.... (2) If the statement provided for by this subsection is not filed, any civil action ... commenced against the government unit more than six months after the date of the injury shall be dismissed.... The court shall excuse noncompliance with this requirement upon a showing of reasonable excuse for failure to file such a statement. (Emphasis added).

In *Ramon v. Department of Transportation*, 124 Pa. Commonwealth Ct. 416, 556 A.2d 919 (1989), a minor plaintiff was injured when he fell into a pothole on a highway of DOT's. Suit was filed on his behalf more than six months after the injury without first complying with Section 5522. The plaintiff's parents, Cuban immigrants, testified that they were unaware of the Section 5522 requirements. We held this to be a reasonable excuse, relying upon *Yurechko v. County of Allegheny*, 430 Pa. 325, 243 A.2d 372 (1968). As we stated, "[T]he Supreme Court in *Yurechko* also held that, where negligence of plaintiff's counsel is coupled with a determination that no undue hardship resulted to the government unit due to the failure to file a claim within the prescribed six month period, a reasonable excuse ... is established." *Ramon*, 124 Pa.Commonwealth Ct. at 424, 556 A.2d at 923. As DOT there failed to establish prejudice resulting from the failure to give the six month's notice, we reversed the trial court's dismissal of *Ramon's* complaint.

Accord *Hoy v. Southeastern Pennsylvania Transportation Authority*, 129 Pa.Commonwealth Ct. 353, 565 A.2d 848 (1989).

■ In the present case, Magill testified about the severity of his injuries. If ignorance of the law can constitute a reasonable excuse for failure to comply with Section 5522, the failure to do so because of serious injuries surely also constitutes a reasonable excuse. We believe the trial court erred in concluding that Magill failed to establish a reasonable excuse.

■ In this case, however, DOT also attempted to establish the required prejudice from the lack of Section 5522 notice. DOT established that it completed repairs on the guide rail by October 1, 1985, thereby precluding it from investigating the claim, having radically altered the accident scene. Even if DOT could not adequately investigate the case (and we are by no means certain that it could not), it cannot rely upon this ground to establish the necessary prejudice. DOT admits that it completed repair of the guide rail on October 1, 1985, less than five months after the accident. DOT chose to repair the guide rail before the period for giving Section 5522 notice had expired. For that reason, DOT's alleged prejudice has not been proven.

Finally DOT asks again that we overrule *Ramon*, arguing that it was decided incorrectly. DOT also argues that *Ramon* is distinguishable because Magill never claimed to be ignorant of the law. We have already disposed of the latter argument above. As to the former, suffice it to say that we believe that *Ramon* was decided correctly.

As the trial court erred in dismissing Magill's complaint, we must vacate the trial court's order and remand for further proceedings.

## ORDER

NOW, March 7, 1990, the order of the Court of Common Pleas of Montgomery County, dated May 2, 1989, at No.

86–04938 is vacated and the matter is remanded for further proceedings.

Jurisdiction relinquished.

SMITH, Judge, dissenting.

I must disagree with the majority's position in this case. The majority, relying upon *Ramon v. Department of Transportation*, 124 Pa.Commonwealth Ct. 416, 556 A.2d 919 (1989) and *Yurechko v. County of Allegheny*, 430 Pa. 325, 243 A.2d 372 (1968), states that "[i]f ignorance of the law can constitute a reasonable excuse for failure to comply with Section 5522, then the failure to do so because of serious injuries surely also constitutes a reasonable excuse." Majority Opinion, p. 631.

In *Ramon*, this Court expressly required both ignorance of the law and an inability to understand the law. However, none of the special factual circumstances that were present in *Ramon* are present in the instant case. In *Ramon*, the plaintiffs were Cuban immigrants who did not speak English. Here, Magill has not shown that he was unable to understand the law. Nor is this case factually similar to *Hoy v. Southeastern Pennsylvania Transportation Authority*, 129 Pa.Commonwealth Ct. 353, 565 A.2d 848 (1989), where this Court held that the appellant had reasonable excuse as she was not aware of the actual extent of the damage and was ignorant of the notice requirement.

Carried to its logical extreme, the majority's opinion would create another exception to the rule and allow any proffered explanation as "reasonable excuse" for failure to comply with Section 5522, the result of which effectively emasculates the purpose and intent of the six-months notice requirement.