613 A.2d 37

**James William BISSEY, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION and Riff's Cycle Center, Appellees.**

**James William BISSEY**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION and Riff's Cycle Center.**

**Appeal of RIFF'S CYCLE CENTER, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1992.

Decided May 6, 1992.

Publication Ordered Aug. 11, 1992.

38

Osvaldo Fontecchio, for appellant, James William Bissey.

Maryann Q. Modesti, for appellant, Riff's Cycle Center.

Theodore J. Chylack, Senior Deputy Atty. Gen., for appellee, Department of Transp.

Before COLINS and KELLEY, JJ., and LEDERER, Senior Judge.

KELLEY, Judge.

James William Bissey and Riff's Cycle Center (Riff's), appellants in these consolidated cases, appeal from an order of the Court of Common Pleas of Bucks County (trial court) which granted summary judgment in favor of the Department of Transportation (DOT). The trial court granted summary

judgment on the ground that Bissey had not shown a reasonable excuse for his failure to notify DOT of his claim within six months of the accident as required by 42 Pa.C.S. § 5522(a). We affirm.

On June 8, 1980, Bissey was riding his motorcycle on state highway 390 in Promised Land State Park, Pike County, accompanied by two other motorcyclists. Bissey failed to negotiate a turn and was injured when his machine left the roadway and struck a tree. The Pennsylvania State Police investigated the accident and filed an accident report on June 10, 1980.[1] At the time of the accident, Bissey was nine days short of his eighteenth birthday.

Bissey did not file a notice of intent to sue within six months of the accident as required by 42 Pa.C.S. § 5522. The present action was filed as a complaint in equity on June 3, 1982. The complaint alleged that DOT had negligently designed and maintained the highway and had failed to post proper warning signs, that Riff's had negligently repaired or failed to discover defects following repair of the motorcycle, and that Riff's had breached express and implied warranties.

In its answer and new matter, filed August 24, 1982, DOT initially raised the issue of lack of notice. Subsequently, DOT filed a motion for summary judgment on September 12, 1990, which was granted by the trial court on October 22, 1990. Bissey and Riff's now argue that a genuine issue of material fact exists as to whether Bissey had shown a reasonable excuse for failing to meet the six-month notice requirement. Specifically, Bissey and Riff's contend that Bissey had no knowledge that the accident occurred on a state highway and that DOT was not prejudiced by the failure to notify.

## THE NOTICE REQUIREMENT

Section 5522 of the Judicial Code, 42 Pa.C.S. § 5522, states:

(a) **Notice prerequisite to action against government unit.—**

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is

1. Reproduced Record (R.), (Riff's), at 257a–261a.

about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth:

(i) The name and residence address of the person to whom the cause of action has accrued.

(ii) The name and residence address of the person injured.

(iii) The date and hour of the accident.

(iv) The approximate location where the accident occurred.

(v) The name and residence or office address of any attending physician.

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. *The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.* (Emphasis added.)

The caselaw interpreting section 5522 has relied on cases discussing a predecessor statute, the Act of July 1, 1937, P.L. 2547, § 1, *formerly* 53 P.S. § 5301 (Act of 1937). The Act of 1937, which applied only to municipalities, required notice within six months from the date of origin of the claim. Failure to file the requisite notice would bar the action, except upon a showing of reasonable excuse for such failure to file.

In *Yurechko v. County of Allegheny,* 430 Pa. 325, 332–33, 243 A.2d 372, 377 (1968), our Supreme Court stated:

The statute is not a sword provided to municipalities by the legislature whereby they might cut down the rights of *all* tardy litigants, *including* those whose claims are validly based upon negligence of that very municipality *and* whose tardiness has not caused any prejudice. Rather the Act of 1937, supra, serves as a shield by which municipal governments might protect themselves against claims of those who have tarried so long that they have made it insurmountably difficult for the municipality to conduct a proper investigation into the circumstances of the accident. (Emphasis in original.)

The Supreme Court concluded that where a plaintiff's ignorance of the law is coupled with a determination that the municipality suffered no undue hardship from the delay, a reasonable excuse had been established.

This court has applied the rationale of *Yurechko* to determine whether a reasonable excuse exists under section 5522. *Ramon v. Department of Transportation,* 124 Pa.Commonwealth Ct. 416, 556 A.2d 919 (1989), *aff'd per curiam,* 524 Pa. 464, 573 A.2d 1025 (1990). We will adhere to the *Yurechko* analysis as applied in *Ramon.*

## REASONABLE EXCUSE

Bissey and Riff's argue that the test for "reasonable excuse" requires two elements; first, that plaintiff establish a reasonable excuse for his failure to comply with the statute, then that defendant show undue hardship as a result of the delay. Bissey asserts that genuine issues of material fact exist as to both prongs, thereby precluding a grant of summary judgment. Riff's argues that the trial court erred in failing to apply the prejudice prong of the text, and abused its discretion in concluding that reasonable excuse had not been established.

DOT contends that the "two-pronged" test is, in fact, nonexistent, and that the sole inquiry is whether or not a reasonable excuse exists. DOT further argues that such a "reasonable excuse" may be established "where a plaintiff's ignorance

of the law is coupled with a determination that no undue hardship resulted to the governmental unit from the failure to file a claim within the six month period,...." *Ramon*, 124 Pa.Commonwealth Ct. at 421, 556 A.2d at 922. According to DOT, to hold otherwise would unlawfully engraft an additional requirement onto the statute. It appears to the court that the parties are engaging in what is largely an exercise in semantics. Whether stated as a "two-pronged" test or simply as two factors to be analyzed, the result is the same.

Section 5522 is not strictly a statute of limitations which bars the right to bring the action, but rather provides an affirmative defense to recovery. *Landis v. City of Philadelphia*, 245 Pa.Superior Ct. 514, 519, 369 A.2d 746, 749 (1976) (interpreting the Act of 1937). Therefore, the issue must first be raised by the governmental defendant as an affirmative defense in its answer and new matter. Once the defense is properly raised, plaintiff must set forth the reasons for his delay. Having done so, the burden shifts to the defendant to aver specific facts alleged to constitute prejudice.

Section 5522 specifically states that the *court* shall make the determination of whether a reasonable excuse has been shown. *Id.* at 520, n. 4, 369 A.2d at 749, n. 4 (the issues of reasonable excuse and undue hardship are factors "the existence of which is to be determined by the trial judge...."). The trial judge is obligated to consider the reasons offered by the plaintiff and the prejudice allegedly suffered by the defendant in order to determine whether a reasonable excuse has been established. *Id.*

Although section 5522 provides that the trial court "shall excuse noncompliance" upon a showing of reasonable excuse, we believe that the determination of what constitutes reasonable excuse, which necessarily involves a balancing of the reason for the delay against the prejudice to the defendant, is largely within the discretion of the trial court. Therefore, our scope of review is abuse of discretion or error of law.

We have previously held that ignorance of the requirement itself, coupled with lack of prejudice, constitutes reason-

able excuse. *Ramon.* Both delay due to the seriousness of injuries and ignorance as to the extent of injuries, again, coupled with lack of prejudice, can also result in a determination of reasonable excuse. *Magill v. Department of Transportation,* 131 Pa.Commonwealth Ct. 627, 571 A.2d 539 (1990); *Hoy v. Southeastern Pennsylvania Transportation Authority,* 129 Pa.Commonwealth Ct. 353, 565 A.2d 848 (1989), *aff'd per curiam,* 526 Pa. 265, 585 A.2d 464 (1991).

 Specific facts must be raised in order to establish undue hardship. Where the defendant merely asserted that it had "been substantially and unfairly prejudiced" by the failure to comply with the notice requirement, we have stated that such a conclusory statement is insufficient to establish prejudice. *Ramon,* 124 Pa.Commonwealth Ct. at 425, 556 A.2d at 923. Actions occurring within the six month statutory period cannot be used to establish prejudice, however, because they are not attributable to plaintiff's delay in notifying DOT of the claim. *Magill,* 131 Pa.Commonwealth Ct. at 631, 571 A.2d at 541.

With this guidance in mind, we must now review the factors in this case. As noted earlier, DOT initially raised the defense of lack of notice in paragraph 28 of its answer and new matter, filed on August 24, 1982. In his reply, Bissey stated:

28. Denied. It is denied that plaintiff's claim is [barred] for failure to give required notice and strict proof is demanded at the time of trial. It is further averred that the Commonwealth received the proper notice. In the alternative, if the plaintiff was required to place the Commonwealth on notice, and failed to do so, plaintiff acted out of ignorance and had no knowledge that the roadway was under the jurisdiction of the Commonwealth agency.

R. (Riff's) at 29a.

Bissey's reply is unclear as to whether the "ignorance" to which he refers is ignorance of the statute or ignorance that the accident occurred on a state highway. DOT then filed its motion for summary judgment, in which it averred that:

27. Based upon the record of the case, the excuses of ignorance and lack of knowledge that the roadway was a State highway do not apply to allow [Bissey] to avoid the remedy of dismissal provided for in 42 Pa.C.S. § 5522.

28. As to the plaintiff's ignorance and lack of knowledge that a State highway was involved, the police report of the accident in question is replete with references that the roadway upon which the accident occurred was "PA–390." See police report attached hereto and incorporated herein as Exhibit "E".

29. In addition, the Commonwealth of Pennsylvania, Department of Transportation has been prejudiced by the plaintiff's failure to comply with the Statute of Limitation in that the cause of action arose in Pike County, while suit was brought in Bucks County. This necessitated the Philadelphia regional office of the Office of the Attorney General to represent the Department of Transportation by having to rely upon the documentation and recollections of employees who are not only physically distant from the locus of the suit, but also distant in time from when the cause of action arose.

R. (Riff's) at 78a–79a.

DOT therefore interpreted Bissey's reply as raising ignorance solely as to the ownership of the highway, and attached supporting evidence in the form of the police report to prove that Bissey had such knowledge. Contrary to the conclusory averments of prejudice in *Ramon*, DOT here has raised specific facts alleged to constitute prejudice. Additionally, DOT points out that, according to Bissey's own deposition, Bissey gave away the helmet worn at the time of the accident to an unknown party, and also sold the motorcycle.[2] Therefore, DOT argues that essential pieces of evidence are unavailable, materially hampering DOT's investigation of the cause of the accident.

**2.** Deposition of James Bissey, R. (Bissey) at 158–160. It is unclear when Bissey gave away the helmet; however, "it could have been a whole year" after the accident when the motorcycle was sold to an unknown party.

■■ Like ignorance of the statute in *Ramon,* ignorance of the extent of injuries in *Hoy* and the delay caused by the seriousness of the injuries in *Magill,* we believe that lack of knowledge that an injury occurred on state property could, coupled with a lack of prejudice, constitute a reasonable excuse. The trial court, however, properly considered the proffered excuse and found that:

> [T]he police report states clearly that a State highway, PA–390, was the roadway involved. All the Plaintiff had to do was look at the police report and the correct conclusion regarding the roadway would have been reached. Subsection (2) of Section 5522 does provide that the Court can excuse noncompliance for a reasonable excuse; however, we are not sufficiently persuaded by the Plaintiff's claims of harmlessness to warrant a finding of reasonableness.

The trial court, therefore, properly considered both the excuse proffered by Bissey and DOT's averments of prejudice before concluding that Bissey had not shown a reasonable excuse for failing to comply with the notice requirement. We cannot say that this conclusion is erroneous, as a matter of law, or constitutes an abuse of discretion.

■ Bissey also argues that he was ignorant of the notice requirement itself, and has included in his brief an affidavit of one Charles P. Menszak, Esq., the attorney whom Bissey initially consulted in May of 1982. The affidavit, dated February 25, 1991, states that, at that time, Bissey was "completely unaware" of the six month notice requirement. This affidavit was not part of the record before the trial court and therefore is not properly before this Court. *See, e.g., Department of Transportation v. Soder,* 110 Pa.Commonwealth Ct. 492, 532 A.2d 948 (1987); *McKenna v. Pennsylvania State Horse Racing Commission,* 83 Pa.Commonwealth Ct. 116, 476 A.2d 505 (1984).

■ Finally, Bissey contends that the action should be allowed to proceed, because co-defendant Riff's could still join the Commonwealth as an additional defendant, even if Bissey's cause of action against the Commonwealth were dismissed for

lack of notice. Despite the interesting questions presented by this argument, we find no indication that it was raised in the trial court and therefore conclude that the issue has been waived.

Accordingly, the order of the Court of Common Pleas of Bucks County is affirmed.

### ORDER

NOW, this 6th day of May, 1992, the order of the Court of Common Pleas of Bucks County, dated October 22, 1990, is affirmed.