IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon Dacey,                          :
                    Appellant         :
                                       :
          v.                           :
                                       :    No. 156 C.D. 2016
Luzerne County, Pennsylvania          :    Argued: September 15, 2016


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                    FILED:  December 6, 2016


          Sharon Dacey (Dacey) appeals from the October 26, 2015 order of the
Luzerne County Court of Common Pleas (trial court) granting Luzerne County's
(County) preliminary objections and dismissing the matter.  We reverse and
remand.

          On November 15, 2013, Dacey drove to the Pennsylvania Veteran
Affairs Office in Wilkes Barre to obtain paperwork for her father.  She parked in a
lot across the street from the Veteran Affairs Office (VAO) which was under the
direction and control of the County.  According to Dacey, after obtaining the
paperwork from the VAO, she walked back to her vehicle, tripped on a large crack
in the pavement, and fell.  As a result of the fall, Dacey fractured her finger which
required surgical repair.  Dacey notified the County of the claim by letter dated
October 28, 2014.

On February 23, 2015 Dacey filed a single-count negligence Complaint against the County for failure to properly and adequately inspect or discover an allegedly dangerous condition in the parking lot. The County filed preliminary objections to the Complaint, contending that the Complaint is legally insufficient in that Dacey failed to give the requisite six month notice to the County as required by 42 Pa.C.S. § 5522(a).

The trial court held oral argument on the matter on July 14, 2015, and noted that all parties agreed the notice should have been given to the County by May 15, 2014, rather than October 28, 2014. The trial court found that the lack of timely notice was unduly harmful to the County because the County was unable to discover properly the events and conditions that led to Dacey's fall. On October 26, 2015, the trial court issued an Order stating "[the County's] Preliminary Objections are GRANTED ... [and t]he matter is DISMISSED." (Reproduced Record (R.R.) at 59a.)

On November 30, 2015, Dacey filed a Notice of Appeal with the trial court, indicating that she was "appeal[ing] to the Superior Court of Pennsylvania." The Superior Court entered the Notice of Appeal on its docket on December 11, 2015, and issued an Order on January 12, 2016, requesting that Dacey show cause as to why the appeal should not be transferred to this court. Given our exclusive jurisdiction over appeals and final orders of the courts of common pleas in matters involving tort claims against local governmental parties, the Superior Court entered an order transferring the matter to this Court on February 3, 2016.[1]

---

[1] This Court's review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Pub. Advocate v. Brunwasser*, 22 A.3d 261 (Pa. Cmwlth. 2011).

On appeal Dacey raises two issues: (1) whether the trial court abused its discretion and committed errors of law in granting the County's preliminary objection regarding her failure to notify County of her trip and fall within six (6) months since Pennsylvania law provides that the notice requirement is waived upon a showing of reasonable excuse; and, (2) whether the trial court abused its discretion and committed errors of law in dismissing Dacey's Complaint and specifically finding that County suffered prejudice by the late notice of Dacey's claim.

## DISCUSSION

It is undisputed that Dacey gave the County notice of her claim after the six-month deadline. Dacey, a resident of New Jersey, alleges she was unaware that notice must be given to a governmental entity within six (6) months of an alleged incident, as required by 42 Pa.C.S. § 5522.[2] She contends that her

---

[2] 42 Pa.C.S. § 5522 provides as follows:

(a) Notice prerequisite to action against government unit.—

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, and if the action is against a Commonwealth agency for damages, then also file in the office of the Attorney General, a statement in writing, signed by or in his behalf, setting forth:

(i) The name and residence address of the person to whom the cause of action has accrued.
(ii) The name and residence address of the person injured.
(iii) The date and hour of the accident.

3

ignorance of the law is a reasonable excuse for failure to comply with Section 5522 and that this failure caused no undue hardship to the County. We agree.

Upon the showing of a reasonable excuse, Section 5522 of the Judicial Code provides relief for failure to give notice within the six month period. 42 Pa.C.S. § 5522(a)(2). Determining whether the reasonable excuse provision has been sustained requires a balancing of the reason for the delay against the prejudice to the defendant. *Thomas v. City of Philadelphia*, 861 A.2d 1023 (Pa. Cmwlth. 2004).

In *Yurechko v. Allegheny County*, 243 A.2d 372 (Pa. 1968), the Supreme Court found that, where the ignorance of the claimant or the negligence of his/her counsel is coupled with a determination that the municipality suffered no undue hardship from the failure to provide notice within the six month period, then a 'reasonable excuse' has been established, and the trier of fact may render its decision based upon the merits of the case. *Id.* at 377; *see also Leedom v. Dep't of Transp.*, 699 A.2d 815 (Pa. Cmwlth. 1997).

---

(iv) The approximate location where the accident occurred.
(v) The name and residence or office address of any attending physician.

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.

4

This Court has stated that specific facts must be raised in order to establish undue hardship. *Bissey v. Dep't of Transp.*, 613 A.2d 37, 45 (Pa. Cmwlth. 1992). Where the defendant merely asserts that it has been substantially and unfairly prejudiced by a failure to comply with the notice requirement, we have stated that such a conclusory statement is not sufficient to establish prejudice. *Id*.

Dacey asserts that the County fails to meet its burden of proof because it did not present any specific examples of how the County was prejudiced. The County offered the fact that certain individuals are no longer in its employ as evidence of the hardship that it would endure if the case went forward. There is nothing in the records, however, to even suggest that these employees (whatever their evidentiary value to the defense) were unavailable to the County or could not be contacted for discovery or trial purposes. There is likewise no evidence that Dacey's failure to provide notice within the designated six-month period impeded the County's ability to investigate the alleged accident or to defend against this cause of action. Against this backdrop, any finding of prejudice is illusory.

Based on the foregoing, the order of the trial is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

_____
JOSEPH M. COSGROVE, Judge

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon Dacey,                  :
           Appellant         :
                      :
       v.                 :
                      :   No. 156 C.D. 2016
Luzerne County, Pennsylvania    :

## O R D E R

AND NOW, this 6th day of December, 2016, this Court hereby relinquishes jurisdiction, the order of the Court of Common Pleas of Luzerne County is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

 

_____

JOSEPH M. COSGROVE, Judge