IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Collin Fisher, : 
 : 
               Appellant : 
 : 
         v. : No. 894 C.D. 2024
 : Submitted: May 6, 2025
Christopher Kennedy : 


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MATTHEW S. WOLF, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED: June 23, 2025


Collin Fisher (Appellant) appeals from the April 30, 2024 order of the Court of Common Pleas of Delaware County (trial court), granting Christopher Kennedy's (Officer Kennedy) motion for summary judgment. For the reasons that follow, we vacate and remand to the trial court.

Appellant commenced this matter on June 10, 2021, by filing a writ of summons against the Glenolden Borough Police Department (Glenolden Borough PD). Writ of Summons, 6/10/2021, Reproduced Record (R.R.) at 3a. On August 4, 2021, the Borough of Glenolden filed a praecipe for rule to file complaint with the trial court. Praecipe for Rule to File Complaint, 8/4/2021, R.R. at 6a. Thereafter, on September 2, 2021, Appellant filed a praecipe to amend writ of summons, seeking to reissue the writ of summons against the Norwood Borough Police Department (Norwood Borough PD). Praecipe to Amend Writ of Summons, 9/2/2021, R.R. at

8a. On September 7, 2021, the Borough of Norwood filed a praecipe for rule to file complaint. Praecipe for Rule to File Complaint, 9/7/2021, R.R. at 11a.

On September 16, 2021, Appellant filed a motion to compel pre-complaint discovery responses (motion to compel) in an attempt to identify the officers involved in his arrest. Motion to Compel Pre-Complaint Discovery Responses, 9/16/2021, Original Record (O.R.) at No. 11. Thereafter, on September 17, 2021, Appellant filed an "Emergency Petition to Stay Enforcement of Rule to File Complaint" (petition to stay) to allow the trial court time to rule on his motion to compel before the complaint was due to be filed. Emergency Petition to Stay Enforcement of Rule to File Complaint, 9/17/2021, R.R. at 13a. By order dated September 21, 2021 (entered on September 27, 2021), the trial court granted the petition to stay. Trial Court Order, 9/21/2021, R.R. at 42a. Appellant's motion to compel was then granted by the trial court by order dated December 21, 2021 (entered on December 29, 2021). That same day, the trial court issued a separate order directing Appellant to file a complaint on or before February 21, 2022 (entered on December 29, 2021). Trial Court Order, 12/21/2021, O.R. at No. 24.

Appellant filed his complaint on February 17, 2022, bringing claims against Officer Kennedy in his individual capacity, Police Officers John Doe One through Five, and the Norwood Borough PD. Complaint, 2/17/22, O.R. at No. 26. Appellant filed an amended complaint on March 14, 2022, bringing claims against Officer Kennedy in his individual capacity and Police Officers John Doe One through Five. Amended Complaint, 3/14/2022, O.R. at No. 30. After preliminary objections were filed, Appellant filed a second amended complaint on April 5, 2022. Second Amended Complaint, 4/5/22, R.R. at 43a.

The second amended complaint alleges that on February 10, 2020, Appellant went to dinner with his mother at an establishment called "Bud's Café." Second Amended Complaint, ¶7. As they were leaving, Appellant decided not to drive his vehicle and instead ordered a car service to take them home. *Id.*, ¶8. While waiting for the car service, Appellant was approached by several police officers who inquired if there was a problem. Appellant responded that there was no problem. Officer Kennedy, an officer with the Norwood Borough PD, then informed Appellant that the officers had received a complaint that Appellant was carrying a gun. Officer Kennedy asked Appellant to get into a police vehicle and Appellant complied. *Id.*, ¶¶9-11. Officer Kennedy asked Appellant if he could search Appellant's vehicle and Appellant consented to the search. *Id.*, ¶12.

Appellant alleges that while he was in the police vehicle, his cell phone began to ring in his back pocket. Officer Kennedy snatched the phone and proceeded to violently strike Appellant with a flashlight. Officer Kennedy informed Appellant that he was being arrested for public drunkenness and disorderly conduct. Officer Kennedy handcuffed Appellant behind his back, and Appellant remained in the police vehicle. Officer Kennedy did not use a seatbelt to secure Appellant in the backseat of the vehicle. Second Amended Complaint, ¶¶13-17.

The second amended complaint asserts that as Officer Kennedy transported Appellant to the Glenolden Borough police station,[1] he "repeatedly sped up and then abruptly slammed on the breaks, causing an unbuckled [Appellant] to repeatedly slam into the partition between the front and back seats." Second Amended Complaint, ¶18. Appellant contends that he hit the vehicle's partition with

---

[1] Appellant avers upon information and belief that the Norwood Borough PD houses its arrestees at the Glenolden Borough police station. Second Amended Complaint, ¶18 n.1

3

such force that he suffered a broken nose, a fractured clavicle, and rib injuries. *Id.*, ¶19.

Appellant alleges that upon arriving at the Glenolden Borough police station, Officer Kennedy once again beat him as he was being taken out of the police vehicle. Second Amended Complaint, ¶21. Appellant further alleges that, as he was walking towards his jail cell, Officers John Doe One and Two surrounded him, threw Appellant against the wall, and caused further injury to his shoulder and ribs. *Id.*, ¶23. Appellant avers that he requested medical care, but his request was denied by Officer Kennedy and Officers John Doe One and Two. *Id.*, ¶24.[2]

Appellant was released the following morning and was charged with the summary offenses of public drunkenness, disorderly conduct and harassment. Second Amended Complaint, ¶27. Appellant avers that all charges were subsequently dismissed. *Id.* Appellant states that he sought medical attention for his injuries and subsequently underwent months of physical therapy because of his injuries. *Id.*, ¶28. The second amended complaint asserts that as a result of the actions of Officer Kennedy and Officers John Doe One through Three (collectively, Defendants), he suffered injuries and pain to his face, shoulder, and ribs, as well as nightmares, anxiety, depression, fear, embarrassment and harassment, loss of consortium with his partner and medical expenses exceeding $1,500. *Id.*, ¶31.

Count I of the second amended complaint seeks damages from Defendants for assault. Second Amended Complaint, ¶¶32-36. Count II of the second amended complaint seeks damages against Defendants for battery. *Id.*, ¶¶37-42. Count III of the second amended complaint seeks damages from Defendants

---

[2] The second amended complaint also alleges that Appellant repeatedly asked Officer John Doe Three to take him to the hospital, but the Officer refused. Second Amended Complaint, ¶¶25-26.

based on negligence, including Officer Kennedy's failure to secure Appellant with a seatbelt and in operating the police vehicle in a manner that caused Appellant's injuries. As to this Count, Appellant maintains that Defendants' negligent acts fall within the vehicle liability section of Section 8542 (b)(1) of the Judicial Code, 42 Pa. C.S. §8542(b)(1) (commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§8541-8542). *Id.*, ¶¶50, 52. Count IV of the second amended complaint seeks damages from Defendants based on "Recklessness." *Id.*, ¶¶54-63. Count V of the second amended complaint seeks damages for intentional infliction of emotional distress. Finally, Count VI alleges that Appellant is entitled to damages from Defendants based on "Reckless Disregard of Safety." *Id.*, ¶¶69-76.

Officer Kennedy filed preliminary objections to the second amended complaint. *See* Officer Kennedy's Preliminary Objections, 4/11/2022, O.R. at No. 33. Appellant responded by filing preliminary objections to Officer Kennedy's preliminary objections. *See* Appellant's Preliminary Objections to Officer Kennedy's Preliminary Objections, 5/2/2022, O.R. at No. 34. The parties' respective preliminary objections were eventually overruled, and Officer Kennedy filed an answer and new matter to the second amended complaint on February 21, 2023. Officer Kennedy's Answer and New Matter, 2/21/2023, O.R. at No. 48.

In his answer to the second amended complaint, Officer Kennedy denies that the charges against Appellant were dismissed. On the contrary, the answer asserts that Appellant admitted to the charges and, with the consent of Officer Kennedy, negotiated a plea agreement in which Appellant would perform community service in exchange for the dismissal of the charges. Officer Kennedy's Answer and New Matter, ¶27. Meanwhile, Officer Kennedy's new matter raises

5

affirmative defenses including, *inter alia*, lack of notice as required by Section 5522 of the Judicial Code, 42 Pa. C.S. §5522, and governmental immunity. *Id.*, ¶¶79-88.

Appellant answered Officer Kennedy's new matter on March 13, 2023. Appellant's Answer to Officer Kennedy's New Matter, 3/13/2023, O.R. at No. 50. Thereafter, Officer Kennedy filed his motion for summary judgment on February 1, 2024. Officer Kennedy's Motion for Summary Judgment, 2/1/2024, R.R. at 83a. Appellant responded to the motion for summary judgment. *See* Appellant's Response to Officer Kennedy's Motion for Summary Judgment, R.R. at 164a. Following argument, the trial court issued an order on April 26, 2024 (docketed on April 30, 2024), granting the motion for summary judgment. Trial Court Order, 4/30/2024, O.R. at No. 69. Appellant filed a notice of appeal[3] and on July 12, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) (Opinion).[4]

In its Opinion, the trial court maintains that it did not err in granting Officer Kennedy's motion for summary judgment. Citing Pa.R.C.P. 1035.2, the trial court notes that Pennsylvania law provides that after the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial

---

[3] Appellant initially appealed to the Superior Court. By order dated June 6, 2024, the Superior Court transferred the matter to this Court.

[4] The Opinion can be found in the Original Record at No. 73.

has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2(1)-(2).

Pertinent here, Section 5522 of the Judicial Code, sets forth a prerequisite to bringing a civil action against a government unit. Specifically, Section 5522(a)(1)-(2) provides in relevant part:

(a) **Notice prerequisite to action against government unit.—**

(1) Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, . . . a statement in writing, signed by or in his behalf, setting forth:

(i) The name and residence address of the person to whom the cause of action has accrued.

(ii) The name and residence address of the person injured.

(iii) The date and hour of the accident.

(iv) The approximate location where the accident occurred.

(v) The name and residence or office address of any attending physician.

(2) If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after

the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.

*Id.* The trial court explained:

> Section 5522 is not strictly a statute of limitations which bars the right to bring the action, but rather provides an affirmative defense to recovery. Therefore, the issue must first be raised by the governmental defendant as an affirmative defense in its answer and new matter. Once the defense is properly raised, [the] plaintiff must set forth the reasons for his delay. Having done so, the burden shifts to the defendant to aver specific facts alleged to constitute prejudice.

Trial Court Opinion at 4 (quoting *Bissey v. Department of Transportation*, 613 A.2d 37, 41 (Pa. Cmwlth. 1992)). The trial court further noted that the determination of what constitutes a reasonable excuse is largely within the discretion of the trial court "and the scope of review is an abuse of discretion." Trial Court Opinion at 4-5 (citing *Bissey*, 613 A.2d at 41).

The trial court determined that in the instant action, it was uncontested that Appellant did not notify Officer Kennedy of his claim within six months of the alleged incident as required by Section 5522(a) of the Judicial Code. Furthermore, the issue was raised in Officer Kennedy's new matter. Finally, while Appellant did not set forth reasons for his delay in providing notice in his reply to new matter, he did argue in his response to Officer Kennedy's motion for summary judgment that he (1) provided notice to the County Solicitor; and in the alternative (2) that he made a reasonable mistake in failing to provide notice to the correct entity. Trial Court Opinion at 5.

8

Per the trial court, the record established that on or about March 5, 2020, Appellant's attorney sent a letter to County Solicitor Robert Scott at "the Office of the Solicitor" at 201 W. Front Street, Media, PA 19063, in which counsel set forth Appellant's intention to file a lawsuit against Glenolden Borough, the Glenolden Borough PD, and the specific officers involved during Appellant's arrest. Trial Court Opinion at 5. Before the trial court, Appellant argued that the county solicitor should have notified the correct borough and that the notice was properly served. The trial court rejected this argument in short order, emphasizing that contrary to Appellant's assertions, the county solicitor was under no such obligation and, furthermore, that the Appellant was mistaken when he argued that all borough departments in Delaware County report to the solicitor's office. *Id.* at 5 n. 5.

The trial court was similarly unpersuaded by Appellant's argument that it was reasonable for him, through counsel, to provide notice to the Glenolden Borough PD because Appellant was taken to the Glenolden Borough PD following his arrest. The trial court noted:

> [B]ased upon the evidence presented, namely, that Appellant received a citation from [Officer Kennedy] that set forth Norwood Borough, and that the docket for this case clearly listed the [Norwood Borough PD] as the arresting agency, this court does not find Appellant's excuses for his failure to send the timely notice to [Officer Kennedy] to be reasonable in this case. . . . A review of the evidence clearly establishes that Norwood Borough was the entity involved here.
>
> Moreover, Appellant's [second amended complaint] alleged that [Officer Kennedy] had operated his police vehicle in a manner that caused injuries to Appellant. Based on these allegations, Appellant's failure [to provide notice] did create an undue hardship on [Officer Kennedy], because a timely investigation surrounding Appellant's assertions was not able to be conducted in this

9

case because of his delay. Based upon the excuses presented by Appellant and the prejudice alleged by [Officer Kennedy], this court found that Appellant had not shown a reasonable excuse for failing to comply with the notice requirement. No notice was provided pursuant to 42 Pa. C.S. §5522. Accordingly, summary judgment was proper on this claim.

Trial Court Opinion at 5-6 (footnotes omitted). Notably, the trial court also found that, due to the lack of case law presented by counsel, there was no merit to Appellant's assertions that Officer Kennedy should be held liable in his individual capacity. *Id.* at 6 n. 6.

On appeal to this Court,[5] Appellant first argues that the trial court erred in holding that all of Appellant's claims against Officer Kennedy are claims against a government unit as set forth in the notice provisions of Section 5522 of the Judicial Code. Appellant points out that paragraphs two through five of the second amended complaint reflect that Defendants are being sued in their individual capacities and that no government agency or unit was identified by Appellant in this case.

Appellant maintains that "[a]s this is a matter of statutory interpretation, the General Assembly's intent is controlling." Appellant's Brief at 16 (citing 1 Pa. C.S. §1921(a)). In this regard, Appellant asserts, "[c]ourts of the Commonwealth have found that the Tort Claims Act's intent is to limit the *government's* liability for its tortious acts." *Id.* (citing *Christy v. Cranberry Volunteer Ambulance Corps, Inc.*, 856 A.2d 43, 46-47 (Pa. 2004) (emphasis supplied by Appellant)). Moreover, Appellant notes, "[t]he Tort Claims Act provides, with certain exceptions, that '*no*

---

[5] Our review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Kaplan v. Southeastern Pennsylvania Transportation Authority*, 688 A.2d 736, 738 n.2 (Pa. Cmwlth. 1997). "Summary judgment is properly granted 'whenever there is no genuine issue of material fact as to a necessary element of the cause of action.'" *Laich v. Bracey*, 776 A.2d 1022, 1024 (Pa. Cmwlth. 2001) (quoting Pa.R.C.P. 1035.2(1)). Furthermore, we must review the record in the light most favorable to the non-moving party. *Id.*

*local agency* shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.'" *Id.* at 16-17 (quoting Section 8541 of the Tort Claims Act, 42 Pa. C.S. §8541) (emphasis supplied by Appellant)). Appellant believes that by its plain language, the Tort Claims Act is explicitly concerned with the liability of local agencies and not individuals. Because Appellant brought suit against Officer Kennedy individually, Appellant argues that Section 5522's notice provision simply does not apply in this case.

In response, Officer Kennedy argues that the trial court properly rejected Appellant's argument that the statutory notice provision is not required for either negligence or intentional tort claims against a municipal defendant who is sued solely in his/her individual capacity, or that suing a municipal defendant in his or her individual capacity somehow negates the defense of governmental immunity. Officer Kennedy argues that "[t]o hold otherwise would entirely eviscerate governmental immunity." Officer Kennedy's Brief at 6. Citing to this Court's unreported opinion in *Robins v. Ward* (Pa. Cmwlth., No. 1789 C.D. 2017, filed August 15, 2018), Officer Kennedy argues that the notice provision in Section 5522 applies to all claims of any kind against a government agency and its employees who are sued in connection with their duties on behalf of the agency.[6]

In *Flagg v. International Union, Security, Police, Fire Professionals of America,* 146 A.3d 300 (Pa. Cmwlth. 2016), this Court had occasion to discuss the difference between personal capacity and official capacity lawsuits. The facts of

---

[6] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

*Flagg* present a long and tortured history. At its core, the dispute in *Flagg* arose from an altercation between Frank Kelly (Kelly) and Thomas Flagg (Flagg). Both Kelly and Flagg were sergeants in the Cheyney University (Cheyney) campus police department. Years of animosity between Kelly and Flagg culminated in an argument between the two in September of 2009. Following the argument, Kelly filed a complaint with the Pennsylvania State Police, accusing Flagg of assault. Criminal charges were filed against Flagg, and he was placed on administrative leave pending the outcome of the criminal charges. Flagg was eventually terminated from his position with the campus police department and ultimately filed a petition for review in this Court's original jurisdiction asserting, *inter alia*, a Section 1983[7] action against Kelly for allegedly violating Flagg's First Amendment Rights.

Kelly filed an application for summary relief pursuant to Pa.R.A.P. 1532(b), arguing that Flagg's Section 1983 action must fail because, *inter alia*, Flagg sued Kelly in his official capacity and, therefore, Kelly was not a "person" for purposes of Section 1983.[8] Conversely, Flagg argued that there was a genuine issue

---

[7] 42 U.S.C. §1983

[8] The *Flagg* court observed:

> The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *see also Wareham v. Jeffes*, 564 A.2d 1314, 1321–22 (Pa. Cmwlth. 1989). However, state officers may be subject to [S]ection 1983 liability for damages in their personal capacities even when the conduct in question relates to their official duties. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997).

*Id.*, 146 A.3d at 305-06.

12

of material fact regarding whether Kelly was sued in his personal or official capacity, which precluded the entry of summary relief.

> In addressing the issue, the *Flagg* court recognized that:

> "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, [473 U.S. 159, 165 (1985)]. "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* To determine whether the defendant has been sued in his individual or official capacity, the court must look to the complaint and the course of the proceedings to determine whether the defendant has been sued in his individual or official capacity. *Colvin v. McDougall*, 62 F.3d 1316, 1317 (11th Cir.1995).

> In *Colvin,* the United States Court of Appeals for the Eleventh Circuit determined that the individual defendant was sued in his official capacity because: the caption listed the defendant as the "Sheriff of the Lee County;" each time the individual was referenced in the complaint he was identified as the sheriff of the county; and, most importantly, the plaintiff's counsel stated on the record that the suit was brought against the sheriff in his official capacity. *Id*. at 1317-18.

*Id.*, 146 A.3d at 306. Based on the above, the *Flagg* court held that Kelly was indeed sued in his individual capacity. The court was persuaded by the fact that Kelly's position was not mentioned in the caption of the petition for review, that Kelly was referred to as "Defendant Kelly" throughout the pleading with his official position omitted, and the petition for review was clearly seeking to impose liability upon Kelly for the misuse of his office because of purported animus toward Flagg, not against Kelly's employer (Cheyney) because of Kelly's conduct. *Id.*

13

With *Flagg* in mind, our review of the instant action leads us to conclude that although Appellant asserts that he brought this action against Officer Kennedy only in his individual capacity, Appellant's claims are belied by the remaining averments of the complaint. The caption of the second amended complaint reflects that Appellant is bringing the action against "Police Officer Christopher Kennedy…." Second Amended Petition for Review, R.R. at 43a. Furthermore, contrary to Appellant's assertions, the averments of the complaint all relate to actions taken by Officer Kennedy while acting as a Norwood Borough police officer. To be sure, the averments of the complaint reflect that Officer Kennedy was in uniform, was operating a police vehicle, and signed the non-traffic citations issued against Appellant in his official capacity as an officer of the Norwood Borough PD. R.R. at 142a-143a. Accordingly, we cannot agree with the Appellant that a bald assertion that Officer Kennedy is being sued only in his individual capacity can overcome the clear averments of his complaint or vitiate the notice requirements of Section 5522.

Having found that Section 5522's notice provisions apply to the instant action, we will now address whether Appellant complied with that section. *Bissey* guides our disposition of this issue.

In *Bissey*, the appellant was riding a motorcycle on a state highway. He failed to negotiate a turn and was injured when the motorcycle left the road and struck a tree. The Pennsylvania State Police investigated the accident and filed an accident report. The appellant did not file a notice of intent to sue within six months of the accident as required by Section 5522 of the Judicial Code. The appellant's cause of action commenced by the filing of a complaint alleging, in pertinent part, that the Department of Transportation (DOT) had negligently designed and

14

maintained the highway and had failed to post proper warning signs. In its answer and new matter, DOT initially raised the issue of lack of notice. Thereafter, DOT filed a motion for summary judgment which was granted by the trial court.

On appeal to this Court, the appellant argued that a genuine issue of material fact existed as to whether the appellant had shown a reasonable excuse for failing to meet the six-month notice requirement. Specifically, the appellant asserted that he had no knowledge that the accident was on a state highway and that DOT was not prejudiced by the failure to notify.

In disposing of the appeal, the *Bissey* court focused on Section 5522(a)(2) of the notice provisions. This Section provides:

> If the statement provided for by this subsection is not filed, any civil action or proceeding commenced against the government unit more than six months after the date of injury to person or property shall be dismissed and the person to whom any such cause of action accrued for any injury to person or property shall be forever barred from proceeding further thereon within this Commonwealth or elsewhere. *The court shall excuse failure to comply with this requirement upon a showing of reasonable excuse for failure to file such statement.*

42 Pa. C.S. §5522(a)(2) (emphasis supplied). Further, the *Bissey* court looked to the case of *Yurechko v. County of Allegheny*, 243 A.2d 372 (Pa. 1968), where the Pennsylvania Supreme Court interpreted a predecessor statute to Section 5522.[9] In this regard, the *Yurechko* court set forth the rationale for determining whether a reasonable excuse exists for failing to comply with Section 5522, stating:

> The statute is not a sword provided to municipalities by the legislature whereby they might cut down the rights of [a]ll tardy litigants, [i]ncluding those whose claims are validly based upon negligence of that very municipality

---

[9] *See* Act of July 1, 1937, P.L. 2547, §1, *formerly* 53 P.S. §5301 (Act of 1937).

15

[a]nd whose tardiness has not caused any prejudice. Rather, the Act of 1937, . . . serves as a shield by which municipal governments might protect themselves against claims of those who have tarried so long that they have made it insurmountably difficult for the municipality to conduct a proper investigation into the circumstances of the accident.

*Id.*, 243 A.2d at 377.

The *Bissey* court emphasized that Section 5522 is not strictly a statute of limitations which bars the right to bring an action; rather, it provides an affirmative defense to recovery. *Id.*, 613 A.2d at 44. Thus, the issue must first be raised as an affirmative defense in the government defendant's answer and new matter. Once the defense is properly interposed, the plaintiff must set forth the reasons for the delay. After that occurs, the burden shifts to the defendant to aver specific facts showing prejudice. *Id.* The onus then falls on the trial judge to consider the reasons offered by the plaintiff, and the prejudice allegedly suffered by the defendant, to determine whether a reasonable excuse has been established. *Id.*

As the *Bissey* court observed:

Specific facts must be raised in order to establish undue hardship. Where the defendant merely asserted that it had "been substantially and unfairly prejudiced" by the failure to comply with the notice requirement, we have stated that such a conclusory statement is insufficient to establish prejudice. *Ramon* [*v. Department of Transportation,* 556 A.2d 919, 923 (Pa. Cmwlth.1989), *aff'd per curiam*, 573 A.2d 1025 (Pa. 1990)].[10]

---

[10] In *Ramon*, a minor sustained injuries when she allegedly fell after stepping into a pothole on a highway. The minor's parents (parent-appellants) brought suit on her behalf against DOT. DOT's answer and new matter alleged that the action was barred because parents failed to provide notice pursuant to Section 5522. DOT eventually sought summary relief. The parent-appellants filed affidavits in support of their opposition to the motion for summary relief alleging, in part, that they were unaware of the notice requirements and that they had a reasonable excuse for failing **(Footnote continued on next page…)**

16

*Id.*, 613 A.2d at 45.

The *Bissey* court observed that DOT raised the defense of lack of notice in its answer and new matter. Furthermore, the appellant's answer to new matter averred that, in the event the trial court ruled that he failed to provide the Commonwealth with notice, he "acted out of ignorance and had no knowledge that the roadway was under the jurisdiction of the Commonwealth agency." *Bissey*, 613 A.2d at 45. DOT's motion for summary judgment countered these assertions, noting that the police report of the accident was "replete with references that the roadway upon which the accident occurred was 'PA-390'." *Id.* at 46. Further, DOT asserted

---

to file a timely notice of intention to file suit. The trial court granted DOT's motion for summary relief.

On appeal, this Court vacated and remanded. The *Ramon* court acknowledged that where a plaintiff's ignorance of the law is coupled with a determination that no undue hardship resulted to the government unit from the failure to file a claim in the six-month period, then a "reasonable excuse" is established. *Id.* at 922. The court further noted that it is the governmental unit's burden to prove that the failure to file the notice of claim within the six-month period caused undue hardship to it. *Id.* The *Ramon* court held:

> In reviewing the pleadings, affidavits, answers to interrogatories and responses to requests for admission that are included in the record of this case, this Court is unable to find any item wherein DOT has alleged specific facts that would indicate that, as a result of [the parent-appellants'] noncompliance with subsection (a) of Section 5522, it has suffered undue hardship. There is nothing in the record indicating whether, after it was served with a copy of [the parent-appellants'] complaint, DOT attempted to investigate the claim or showing any actual insurmountable difficulties that it faced in delving into the claim. Furthermore, there is nothing in the record indicating that DOT has had difficulty in locating witnesses to support its case. Instead, DOT, in its verified motion for summary judgment, simply asserted that it had "been substantially and unfairly prejudiced by [the parent-appellants'] failure to provide the statutorily required notice[.]" Such a conclusory statement is not enough to satisfy DOT's burden of proof.

*Id.* Thus, the matter was remanded to the trial court for further proceedings.

17

it was prejudiced by the appellant's failure to comply with Section 5522 because, while the cause of action arose in Pike County, the suit was brought in Bucks County.

> This necessitated the Philadelphia regional office of the Office of Attorney General to represent [DOT] by having to rely upon the documentation and recollections of employees who are not only physically distant from the locus of the suit, but also distant in time from when the cause of action arose.

*Id.* Moreover, the court observed, it was later discovered that the appellant gave away both the helmet he wore at the time of the accident as well as the motorcycle. Thus, essential pieces of evidence were unavailable, materially hampering DOT's investigation of the cause of the action. *Id.*

The *Bissey* court recognized that the lack of knowledge that an injury occurred on state property could, coupled with a lack of prejudice, constitute a reasonable excuse; however, such was not the case. The court reasoned that the trial court properly found that the police report clearly stated that State Highway PA-390 was the roadway involved and, therefore, did not err in concluding that the appellant's claims were not persuasive and that he failed to show a reasonable excuse for failing to comply with the notice requirement.

In the instant action, Appellant argues that he had a reasonable excuse for not providing proper notice pursuant to Section 5522. Appellant emphasizes that on March 3, 2020, only 22 days after the incident in question, he sent notice to the Solicitor for Delaware County based on the mistaken belief that the Glenolden Borough PD was a department of Delaware County. The letter noted that the incident involved the Glenolden Borough PD and copied the Glenolden Borough Police Chief. Appellant maintains it was reasonable for the letter to reference the Glenolden Borough PD because that is the police station that he was taken to and

18

released from. Appellant contends that he made a reasonable, albeit incorrect, assumption that he had been arrested by the Glenolden Borough PD.

Appellant further argues that nothing in the record reflects that Officer Kennedy or Norwood Borough PD suffered undue hardship due to the lack of notice. Appellant points out that the government units of Glenolden Borough and Norwood Borough were represented by the same counsel during the proceedings. Furthermore, the same counsel entered her appearance on behalf of Officer Kennedy. Moreover, the record does not reflect that Appellant was unduly burdened in investigating the claims and witnesses, or that he faced any difficulties whatsoever. "[Officer Kennedy] only claimed prejudice[] [in a] hypothetical argument that a criminal investigation could have been conducted by the District Attorney's office had proper notice been given." Appellant's Brief at 24.

Appellant maintains that this case is similar to *Ramon* where the government unit failed to allege specific facts showing that it was prejudiced by the plaintiff's noncompliance with Section 5522. Appellant asserts that the conclusory and non-specific statements made by the government unit in *Ramon* "bear a striking resemblance to [Officer Kennedy's] argument[,]" and that Appellant's noncompliance should have been excused. Appellant's Brief at 25.

Officer Kennedy responds that Appellant's failure to provide the required notice resulted in prejudice because, had he known of the claim within six months of Appellant's arrest, Officer Kennedy "could have engaged in an investigation of the matter and locat[ed] and obtain[ed] cooperation of witnesses to refute the scurrilous, unfounded claims." Officer Kennedy's Brief at 11.[11]

---

[11] Officer Kennedy also insinuates that Appellant had a strategic reason to not provide notice while his criminal case was pending. In this vein, Officer Kennedy implies that Appellant **(Footnote continued on next page…)**

Based on our review of the record, including the pleadings, Appellant's motion for summary judgment and attachments, as well as the transcript of the argument held before the trial court, we cannot say that Officer Kennedy has shown he was prejudiced by the lack of notice in this action. Much like DOT in *Ramon*, Officer Kennedy has failed to allege specific facts that would indicate that Appellant's noncompliance with Section 5522(a) caused him undue hardship. Absent from the record is any indication that Officer Kennedy attempted an investigation or, for that matter, that he was thwarted when doing so. Moreover, the record does not show that Kennedy faced "any actual insurmountable difficulties . . . in delving into the claim." *Ramon*, 556 A.2d at 923. *See also Dacey v. Luzerne County* (Pa. Cmwlth., No. 156 C.D. 2016, filed December 6, 2016) (nothing in the record suggested that certain potential witnesses were unavailable to the defendant county or that the failure to give timely notice impeded the defendant county's ability to investigate the accident or defend against the cause of action). Accordingly, we conclude that the trial court erred in granting summary judgment based on the lack of notice.[12]

---

waited to give notice to ensure that Appellant would receive the plea bargain deal and ultimately have his charges dismissed. Officer Kennedy suggests that if Appellant had been convicted of the offenses, the conviction could conceivably have been introduced by Officer Kennedy in the instant proceedings, thereby negatively impacting Appellant's case. This argument is speculative at best. Moreover, we do not believe this is the type of prejudice envisioned in our case law.

[12] In light of our disposition, we will not address Appellant's alternative argument that it was unnecessary to provide notice to Officer Kennedy because he had actual notice of the alleged incident based on his involvement as the arresting officer. *See* Section 5522(a)(3)(iii) of the Judicial Code, 42 Pa. C.S. §5522(a)(3)(iii) (providing that failure to comply with the six-month notice provision shall not be a bar to bringing the action if the government unit had actual or constructive notice of the incident or condition giving rise to the claim of a person). Moreover, even if we were to address this argument, we would reject it. Taking this argument to its logical conclusion, the notice provisions of Section 5522 would be rendered a nullity.

Because the trial court erred in finding that Officer Kennedy met his burden of showing that he suffered prejudice as a result of Appellant's failure to provide notice pursuant to Section 5522 of the Judicial Code, the order of the trial court is vacated, and this matter is remanded to the trial court to address the remaining issues raised in Officer Kennedy's motion for summary judgment.


_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Collin Fisher,                  :

                         :

          Appellant    :

                         :

          v.              : No. 894 C.D. 2024

                         :

Christopher Kennedy    :

# **O R D E R**

AND NOW, this <u>23rd</u> day of <u>June</u>, 2025, the April 30, 2024 order of the Court of Common Pleas of Delaware County (trial court) is VACATED, and this matter is REMANDED to the trial court to address the remaining averments in Appellee Christopher Kennedy's motion for summary judgment.

       Jurisdiction relinquished.

_____
MICHAEL H. WOJCIK, Judge